# Rothe *v.* Bellingrath.

$$\frac{71}{124}\frac{55}{284}$$

*Statutory Action to enforce Mechanic's Lien.*

1. *Mechanic's lien for improvements on rented premises; extent of.* Where buildings or other improvements are erected on leased or rented land, at the request, and on the exclusive credit of the lessee, the statutory lien of the contractor extends not only to such improvements and erections as may be constructed by him, but also to the unexpired leasehold term of the premises on which the improvements are made, not exceeding one acre.

2. *Same.*—While the statute also extends such lien to the materials furnished, this involves the necessary implication that the materials must be capable of practical identification, when the lien is sought to be enforced specifically on them; and hence, where the materials are furnished to a lessee and are by him used in repairs on the rented premises, and are so merged in the freehold as to be incapable of severance, the contractor or material-man has no lien thereon, but merely a lien on the leasehold estate.

3. *Same; taken subject to conditions in lease.*—Where the lien attaches to a leasehold interest, it is subject to all the conditions of the lease; and where the lease has been forfeited, the holder of the lien must pay to the lessor "all arrears of rent, or other money, interest and costs due under the lease," before he can acquire the rights of the lessee thereunder, even by purchase.

4. *Rule of common law as to repairs on leased premises; statute to be construed in harmony therewith.*—At common law the burden of repairs was always cast on the tenant, and the landlord was under no implied obligation to keep the rented premises in repair; and the statute providing a lien in favor of mechanics and material-men for improvements erected on rented lands (Code of 1876, § 3443), must be construed in harmony with this principle, so far as its letter will permit.

5. *When evidence of the amount due under the lease for rent or damages inadmissible.*—In a proceeding under the statute to enforce the statutory lien in favor of a material-man for materials furnished under a contract with the lessee, against the leasehold estate, the amount of the rent due the lessor by the lessee, or of any other moneys or damages accruing under the lease, is not a material issue; and hence, testimony tending to show that fact is immaterial and inadmissible on the trial, although it may become material after judgment in favor of the plaintiff, and a purchase of the leasehold estate thereunder.

6. *When lessee not the agent of the lessor.*—Where the lessee is authorized, by the terms of the lease, to erect improvements on the rented premises on his own credit and at his own expense, which are to become the property of the lessor at the termination of the lease, the value thereof to be paid by him in money, or be deducted from rent then due, this does not constitute the lessee the agent of the lessor for the erection of such improvements, nor does it impose on the lessor the duty or obligation to pay therefor.

[Rothe v. Bellingrath.]

APPEAL from City Court of Montgomery.

Tried before Hon. J. A. MINNIS.

This was an action commenced under the statute by F. W. Rothe against H. Bellingrath, John N. Murphy and John Wilson, to enforce a mechanic's lien for materials and machinery alleged to have been furnished by the plaintiff under a contract with the defendant Bellingrath, for a mill which had been leased by the latter from the defendant Wilson. The complaint contains two counts. In the first count it is averred that the defendant Murphy had "some interest in the subject-matter of this controversy, the precise nature of which to plaintiff is unknown;" and that the defendant Wilson is the owner in fee of the mill and land on which it is erected, and that the defendant Bellingrath holds the same under some contract of lease, the precise terms of which are unknown to plaintiff. In the second count it is averred that Bellingrath was authorized by Wilson "to have said machinery put up, and said materials furnished for said mill and on said land; and that said Bellingrath, in making said contract and causing said machinery to be put up, and said materials to be furnished, was the agent of said Wilson, and acted for him and in his behalf;" and that "said machinery was put up and said materials were furnished with the knowledge and consent of said Wilson," and for the immediate benefit of all the defendants. It is also averred in this count, that the defendant Murphy has some interest in the subject-matter of the controversy, the precise nature of which is unknown to the plaintiff. No other part of the pleadings is set out in the record.

The evidence introduced on the trial showed, that on 1st February, 1878, the defendant Wilson, by contract in writing, leased to the defendant Bellingrath the mill (a steam grist mill), described in the complaint, for one year, with the privilege of renewing the lease for three years, at an annual rent of $700, payable quarterly, Wilson reserving the right to terminate the lease and to re-enter upon default in the payment of the rent as stipulated in the contract, and Bellingrath agreeing to keep the mill in operation and in good working condition. After providing that Bellingrath should have the privilege of erecting and carrying on a steam ginnery near the mill, and of making other improvements, it is stipulated in the lease that "all the improvements so erected by the said Bellingrath and remaining at the expiration of this lease, are then to belong to the said John Wilson," the value thereof, as ascertained by three disinterested persons, to be paid for by him, or to be deducted from the rent then due and unpaid. It was further shown by the evidence, that Bellingrath having taken possession of the mill property on 1st February, 1878, the plaintiff,

[Rothe v. Bellingrath.]

knowing that he had rented the property, but not knowing the terms of the lease, under a contract made on that day with Bellingrath, furnished him certain machinery and materials for use in improvements in and upon the mill, which were afterwards so used, the improvements having been put upon the building known as the " mill-house" by another at Bellingrath's expense, and affixed to the soil ; that no contract was made with Wilson in reference to the articles so furnished, but he knew the use to which they were put; that the improvements were needed, and the price charged therefor was reasonable ; that there was due the plaintiff on account of said materials and machinery, a balance of $407.34, with interest; that the defendant Murphy was interested in the lease with Bellingrath ; that the mill was operated about four months under the lease, and was then abandoned, and that on 1st November, 1878, after this suit was commenced, Wilson took possession of it again ; and that the plaintiff, not having been paid for the machinery and materials furnished by him, duly filed in the office of the judge of probate of Montgomery county, the county in which the property was situated, his claim therefor, as required by the statute.

On the trial the defendant Wilson was allowed by the court, against the plaintiff's objection, to read to the jury a letter written by the plaintiff to said defendant, " introducing defendant Bellingrath" to him, and the plaintiff excepted.  The defendant Wilson was also allowed to prove, against the plaintiff's objection, that Bellingrath owed him for the rent of the mill property from 1st February, 1878, to 1st November, 1878, amounting, with interest, to about $700, and the plaintiff excepted.  The defendant Wilson, was also allowed by the court, against plaintiff's objection, to introduce evidence tending to show that the defendant Bellingrath had damaged the mill about $300, by carelessly and negligently running it, and the plaintiff excepted.  The evidence for the defendant Wilson further tended to show that the said improvements so placed upon the mill were not such as were authorized by the contract of lease.

The foregoing being the substance of the material parts of the evidence bearing on the questions reserved for the consideration of this court, the Circuit Court charged the jury, *ex mero motu,* among other things, "that if they believed from the evidence in this case, that the rent due and unpaid to Wilson, and the damages to the mill by the lessee were greater than the value of the improvements, materials furnished, etc., placed there by plaintiff, then the plaintiff can not recover in this case, and they should find for the defendants."  To this charge the plaintiffs excepted.  The court refused to give to the jury

[Rothe v. Bellingrath.]

the following charge, among others requested in writing by the plaintiff, and he excepted, to-wit: "4. If the jury find from the evidence that Wilson authorized Bellingrath to have the machinery put up, and that the plaintiff did put it up, then they must find that the plaintiff has a lien on the whole property."

The plaintiff was compelled to take a non-suit in consequence of the adverse rulings of the Circuit Court. The rulings above noted are among the assignments of error here made.

LESTER C. SMITH and THOMAS H. CLARK, for appellant. (1) The plaintiff's lien not only included the materials and machinery furnished, but also the leasehold term; and in the event of a forfeiture of the lease the purchaser "shall be held to be the assignee of such leasehold term," and may pay up the rent, etc., and continue as lessee.—Code of 1876, §§ 3442, 3443. (2) But under the lease Bellingrath was authorized to have the improvements made, and Wilson was to pay him for them at the end of the term. This constituted Bellingrath the agent of Wilson for that purpose.—Phillips on Mechanic's Lien, § 90; *Woodward v. Leiby*, 36 Penn. St. (12 Casey), 437. The plaintiff, therefore, had a lien, not only on the leasehold estate, but also on the fee. (3) Under the statute the lien is inchoate until the statutory requirements are complied with; but when they are complied with the lien becomes perfect, and relates back to the beginning of the work.— *Welch v. Porter*, 63 Ala. 225. The lien was, therefore, perfect before Bellingrath owed Wilson anything for rent, or had damaged the machinery by carelessness in running it; and it was not affected by the forfeiture of the lease.—See Phillips on Mechanics' Lien, § 192; *Gaskill v. Trainer*, 3 Cal. 334; *Montandon v. Deas*, 14 Ala. 33; *Kœnig v. Mueller*, 39 Mo. 165.

RICE & WILEY and CLOPTON, HERBERT & CHAMBERS, *contra.* (No brief came to the hands of the reporter.)

SOMERVILLE, J.—Under the provisions of the present Code, a mechanic's lien, whether for work and labor done, or for materials furnished, is binding "only to the extent of all the right, title and interest owned therein by the *owner* or *proprietor* of such building, erection or other improvement [as may be constructed by contract for any person] for whose *immediate* use or benefit the labor was done or things were furnished."—Code, 1876, § 3441.

Where buildings or other improvements are erected on *leased* or *rented lands*, at the request and on the exclusive credit of the lessee, the contractor's lien is extended by the statute, not

only to such improvements and erections as may be constructed by him, but also to the unexpired leasehold term of the lot or land, not exceeding one acre; on which the improvements are made.—Code, §§ 3440, 3443. It is also made to fasten on the fixtures or materials furnished. But this must, of course, in-volve the necessary implication, that these materials, in order to authorize the enforcement of such lien on them *specifically*, must be capable·of practical identification. This can not be, where they are used merely for *repairs* and are so merged in the freehold as to be incapable of severance.

It never was intended, however, that the lessee should have power to bind the interest of the lessor. He can only bind the improvements or erections which are capable of both identifi-cation and practical severance, and the leasehold estate. But when the lien attaches to the leasehold interest, it is subject to all the conditions of the lease. And where the lease has been forfeited, the holder of such lien, before he can be placed in the shoes of the lessee, even by becoming the purchaser of the leasehold term and the improvements, must *first* pay to the lessor " all arrears of rent, or other money, interest and costs due under the lease."—Code, § 3443; Phillips on Mech. Lien, § 192, § 90. At common law the burden of repairs was always cast on the tenant, and the landlord was under no implied obli-gation to keep rented premises in repair. The statute must be construed in harmony with this principle, so far as its letter will permit.—Phil. on Mech. Lien, § 90.

Where the cardinal facts are established, bringing a case within the purview of the statute, the only further issues re-quired to be submitted to the jury are, the *amount* of the debt claimed, and the *description* of the particular property sought to be charged with a lien for its satisfaction.—Code, §§ 3451–52.

It is thus clearly evident that the amount of the rent due the lessor by the lessee, or that of any other moneys or damages accruing under the lease, is not a material issue on the trial for the enforcement of a mechanic's lien under· the statute. It may become material, however, after the rendition of a judg-ment in favor of a plaintiff, where, in seeking to enforce such judgment, he becomes the *purchaser* of the leasehold estate, or where·a third person purchases such interest of the lessee. The purchaser at such sale takes the estate *cum onere*—subject to these claims of the lessor—and hence their relevancy after sale made under execution on the judgment.—Code, § 3443. The court below, therefore, erred in permitting evidence to be introduced, showing the amount of rent due by Bellingrath to Wilson, and also in admitting evidence of the damage alleged to have been done by the lessee's carelessness in running the

[Beard v. The Union & American Publishing Company.]

mill. These facts were irrelevant and should have been excluded.

There was no evidence tending to show that Bellingrath was the *agent* of Wilson, and no such relationship can be implied from that of landlord and tenant. He was merely authorized by Wilson to put up certain improvements, on his own credit and at his own expense. The agreement that the lessee should be re-imbursed for them, by deducting their valuation from rents, does not change the case. It was rather a negation of the fact of agency than otherwise.—*Mills v. Matthews*, 7 Md. 315; *McCarty v. Carter*, 49 Ill. 53; Phil. on Mech. Lien, § 89. The fourth charge was, for these reasons, properly refused.

The letter written by the plaintiff to Wilson, and introducing Bellingrath, was improperly admitted in evidence. It had no legitimate bearing on the issues submitted to the jury and was irrelevant.

Reversed and remanded.