# Turner *v.* Robbins.

*Action by Material-Man to enforce Statutory Lien.*

1. *Statutory lien on buildings and land, or on buildings alone.*—Under the statutory provisions declaring a lien in favor of contractors and material-men, upon lands and improvements thereon erected (Code, §§ 3440–61), if the improvements are erected on mortgaged lands, the contractor or material-man may perfect his lien on the buildings and improvements alone, not including the land on which they are erected; and if the tract of land on which they are erected, containing several acres, is described with sufficient certainty to identify it and them, the lien on the buildings and improvements may be perfected and enforced, although it fails as to the land for want of a sufficient description of the "one acre" on which they are erected.

2. *Description of dwelling-house and improvements.*—Where the building and improvements are described, in the verified claim filed for record, as "the recently erected two-story frame dwelling and improvements of the said M. C. R., which are now occupied as a dwelling-house by him and his family," the description is sufficient as to the dwelling-house, but not as to the other improvements.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

This action was brought by Mrs. Marcia H. Turner, suing as the executrix of the last will and testament of her deceased husband, Jarvis Turner, against Martin C. Robbins and others; and was commenced on 20th May, 1885. The complaint contained the common counts, and a special count, which sought to enforce a statutory lien for materials furnished by said decedent in the erection of a dwelling-house and other improvements on a tract of land which belonged to said M. C. Robbins, with whom the contract was made; the amount claimed being $172.10, with interest from 15th day November, 1884.

VOL. LXXVIII.

[Turner v. Robbins.]

The claim, duly verified by affidavit, and specifying particularly the materials furnished, with dates, &c., was filed for record in the office of the judge of probate on the 6th March, 1885. The building and impovements were described in the affidavit as " the recently erected two-story frame dwelling and improvements of the said Martin C. Robbins, which are occupied as a dwelling-house by him and his family, and are situated just north-east of an old battery which is located on said above described lands;" and the complaint contained the same descriptive words. The tract of land on which the building and improvements were erected was also particulary described in the affidavit, and said to contain 38.35 acres; but it was further stated that the particular portion on which the building and improvements were erected was unknown to the person who made the affidavit; while the complaint alleged that the "portion of said land on which said building and improvements are erected contains one acre, being part of the Espejo tract, and part of sub-divisions 40, 48 and 39 of said tract." The affidavit also stated that, before and at the time said materials were furnished, the Battle-House Company held and owned a mortgage on the land; and said company was made a defendant to the suit, under a similar averment in the complaint. The defendant Robbins filed several pleas, alleging the insufficiency of the claim and affidavit in the description of the land and improvements; and the cause was tried on issue joined on these pleas. There was no controversy as to the facts. The plaintiff asked the court to charge the jury "that, if the land described in the claim filed for record was under mortgage to the Battle-House Company at the time said building and improvements were commenced and erected, then it would be unnecessary to describe any specific acre in said verified claim, and the description in said claim is sufficient to give plaintiff a lien on said building and improvements." The court refused this charge, and instructed the jury, on the request of the defendant, " that the verified statement filed and recorded by plaintiff does not sufficiently describe any property of the defendant Robbins, upon which a lien in favor of plaintiff can attach." The charge given, and the refusal of the charge asked, to which plaintiff duly excepted, are now assigned as error.

W. E. RICHARDSON, for appellant.

DESHON & LAY, contra.

CLOPTON, J.—The statute declares, that every mechanic, or other person, who shall furnish any materials for any build-

38

ing, erection, or improvement upon land, or for repairing the same, under or by virtue of any contract with the owner or proprietor thereof, shall have for the materials furnished a lien, to the extent, and in the manner provided, upon such building, erection, or improvement, and upon the land belonging to such owner or proprietor on which the same are situated, to the extent of one acre, or, if situated in any city, town, or village, on the lot of land.   As respects the land, the lien exists to the extent of all the right, title and interest, owned therein by the owner or proprietor of such building, erection, or improvement; thus limiting the lien to the estate of the party contracting for the materials.   The lien is inchoate and defeasible—dependent for its completion upon compliance with the statutory requirements.   It is defeated and lost, if the mechanic, within six months, or other person within four months, after the indebtedness has accrued, fails to file with the judge of probate, of the county in which the property is situated, a just and true account of the demand due him, after all just credits have been given, and a true description of the property, or so near as to identify the same, upon which the lien is intended to apply, or for which the materials were furnished, with the name of the owner or contractor, if known ; which statement shall be verified by the oath of the claimant, or some other person having knowledge of the facts.—Code, 1876, §§ 3440, 3444 ; *Welch v. Porter*, 63 Ala. 225.

The claim of the plaintiff is for materials furnished, under a contract with the defendant, Robbins, for a dwelling-house and other improvements on land belonging to him.   The claim was verified, and filed with the judge of probate, in the manner and within the time required by the statute ; giving a description of the entire tract of land, on which the improvements are situated, but not describing or attempting to describe any " one acre " of the entire tract, which consisted of about thirty-eight acres.   The claim as filed shows that there is a mortgage on the land, which was executed by Robbins to the Battle-House Company prior to the erection of the building and other improvements, and which is unsatisfied.   It is insisted, that the lien on the dwelling-house and other improvements is defeated and lost, by the failure of the claimant to give, in the claim filed, a description of the acre of land, to which the statute extends the lien upon compliance with its provisions.

The contention is founded on the common-law doctrine, that all buildings, annexed to land, become part of the freehold. As a general rule, a building erected upon land becomes a part of the realty, and the property of the owner of the land ; but,

[Turner v. Robbins.]

by express agreement, another may have a separate property in such building, with the right of removal; and a mortgage may be given on improvements, without conveying any title to the land, which operates to pass a right to the improvements. On like principle, a lien may be created by statute on the improvements, without its extension to the realty. There is, in this respect, no inseparable connection between the buildings and the land.

It may be conceded that the earlier acts, creating mechanic's liens, secured the lien exclusively to real estate. Later legislation has been governed by a more liberal policy, and has proceeded on principles more effectual to prevent the owner of land from appropriating the labor and capital of others to the enhancement of its value without compensation. Its tendency and effect are to abrogate, in favor of the lien, the common-law rule; and to extend it to the improvements and the land, both or either. It is conceded, it was not the intention of the statutes to give a lien on the materials as such, but on the buildings in the construction of which they are used, which must be erected on land, under or by virtue of a contract with the owner or proprietor thereof. The lien attaches only to such building, erection, or improvement, as constitutes, under the common-law doctrine, a part of the realty. Notwithstanding, when a prior lien, incumbrance or mortgage exists on the land, a lien, not necessarily connected with, nor dependent upon a lien on the realty, for materials furnished, is secured to the buildings, erections, or improvements. By section 3442, the lien attaches, and is preferred to all other incumbrances, which may be attached to or upon such buildings, erections, or other improvements, on the ground, or ·either of them, subsequent to the commencement of such improvements; and attaches to the improvements for which they are furnished, in preference to any prior lien, incumbrance or mortgage on the land, upon which such improvements are erected; "and any person enforcing such lien, where there is a prior mortgage or lien upon the land, may have such building, erection or improvement sold under execution, as provided in this chapter, and the purchaser may remove the same within a reasonable time thereafter." An available lien on the improvements is secured to the person furnishing the materials, although it may be unavailing as to the realty. The operation of this section is to dissever, in the case of a prior mortgage on the land, the improvements and the realty, by giving a superior lien on the buildings, and conferring on the purchaser the right to remove.

The material-man may waive the lien as to the entire property, by not filing a claim, or bringing suit, as required by the

[Turner v. Robbins.]

statute ; and we see no reason why it may not be waived as to a part, and claimed as to the residue of the property. The loss of the lien on both the land and improvements is not the sequence of a claim of lien on improvements only. The statutory lien, so far as relates to the realty and improvements, is necessarily not an entirety. In *Montgomery Iron Works v. Dorman*, at the last term (*ante*, 218), we held that, to complete the lien on the realty, the claim filed must contain a true description, or so near as to identify the same, of the lot of land, or of the " one acre," as the same may or may not be situated in any city, town, or village. If the claim contains such description, and conforms in other respects to the requirements of the statute, it can not be controverted, that a lien on the land is secured. But section 3444, after requiring the filing of a verified account of the demand, and a description of the property upon which the lien is intended to apply, provides, " which statement of account and description, when so filed, shall be a lien upon the building or other improvements, with all the rights and privileges under this chapter, from and after such filing." The real estate is omitted in this declaration of the property, upon which there shall be a lien. To hold that this omission operated to exclude the lien upon the land, secured by section 3440, would do violence to the spirit and policy of the statute, and would disregard the intention of the legislature. Some meaning, therefore, must be assigned to the words of the statute—" which statement of account and description, when so filed, shall be a lien upon the building or other improvements "—which is not in conflict with the construction that a lien may also be charged on the land. The operation of these words, and their only operation, is to declare and authorize a lien upon the building or other improvements, independent of a *completed* lien on the land. If this is not their meaning and operation, it was unnecessary to have incorporated them in the statute; for, without them, filing the account and description of the property, as required by section 3444, would have operated to complete the inchoate lien upon both the buildings and the land, created by section 3440.

Construing the sections of this chapter of the Code *in pari materia*, we hold that, when there is a prior mortgage on the land, the person furnishing materials for a building, erection or improvement thereon, may complete a lien on the *building*, erection or other improvements, without completing it on the land. In such case, the buildings and the improvements being the only property upon which the lien is intended to apply, he need only describe the building and other improvements and the tract of land on which they are situated. It is not

[Louisville & Nashville Railroad Co. v. Meyer.]

necessary to describe the "one acre," when it is not intended to apply the lien thereon. The description of the dwelling-house, as stated in the claim filed, and in the complaint, is sufficient to identify the same; but there is no sufficient description of the improvements, other than the dwelling-house. The description should be sufficient to identify them as the improvements for which the materials were furnished, and to show that they were improvements of the kind contemplated by the statute. The failure, however, to sufficiently describe the other improvements, does not invalidate the lien on the dwelling-house. The lien on the property sufficiently described is valid, the other requisitions of the statute being complied with.

On the agreed statement of facts, the plaintiff is entitled to have a lien charged on the dwelling-house, for the materials furnished therefor.

Reversed and remanded.