E. G. HOPPES v. ANDREW BAIE, Appellant.

**Mechanic's Lien.** A well, designed, sunk, and completed for permanent use is an improvement within Acts Sixteenth General Assembly, chapter 100, section 3, giving a mechanic's lien for material or labor furnished for any building, erection or other improvement upon land, upon the building, erection or improvement, and upon the land.

**ERROR IN STATEMENT.** The filing of a statement for a mechanic's lien is not necessary to create a lien under the statute, as between the parties, and therefore the filing of an erroneous statement will not necessarily defeat the right of a contractor to a lien.

*Appeal from Marshall District Court.—*HON. B. P. BIRDSALL, Judge.

SATURDAY, MAY 21, 1898.

ACTION in equity to recover an amount alleged to be due for drilling and casing a well, and for the foreclosure of a mechanic's lien therefor. There was a hearing on the merits, and a decree for the plaintiff. The defendant appeals.—*Affirmed.*

*J. M. Bishop* and *Binford & Snelling* for appellant.

*James Allison* for appellee.

ROBINSON, J.—On the twenty-seventh day of June, 1895, the parties to this action entered into an agreement the terms of which were expressed in a writing signed by the plaintiff, and a copy of which is as follows: "This agreement, made and entered into this twenty-seventh day of June, 1895, by and between E. G. Hoppes, of State Center, Iowa, and Andrew Baie, witnesseth: That said E. G. Hoppes has this day agreed to drill a well for said Baie on the farm occupied by Albert Baie, southeast of State Center, and furnish and place therein five (5) inch inserted joint iron casing, as far as possible, and privilege of reducing when necessary, and agrees to sink said well until a good and sufficient flow of water is obtained, or he says stop, he being satisfied with well; and, if said well fails, said E. G. Hoppes agrees to return and sink same not to exceed one thousand (1,000) feet, and test same before leaving; and said Andrew Baie agrees to pay said E. G. Hoppes therefor the sum of one dollar per foot in cash upon turning over said well to said Baie, or his note bearing interest at 8 per cent. per annum, and said Baie further agrees to furnish board for men and teams while at work on said well. Witness our hands, this twenty-seventh day of June, 1895. E. G. Hoppes." Acting under that agreement the plaintiff drilled and cased, on the farm of the defendant designated, a well to the depth of two hundred and forty-four feet, and in December, 1895, filed in the office of the clerk of the district court of Marshall county, Iowa, a verified statement for a mechanic's lien, in which he claimed, on account of the well, one dollar per foot for the first one hundred feet, one dollar and twenty-five cents per foot for the second one hundred feet, and one dollar and fifty cents per foot for the remainder, eighteen dollars for the board of two men for three weeks, and ten dollars for putting a pump in the well on four different occasions, or for the

aggregate amount of three hundred and nineteen dollars. The petition as originally drawn conformed to the statement for a mechanic's lien as filed, and not to the writing which was the basis of the agreement; but, the defendant having set out the agreement in his answer, the plaintiff filed an amendment to his petition, and a reply, in which he stated that, although he had signed and delivered the writing, he had understood that, although the defendant had retained the writing, he had refused to sign it or treat it as binding upon him until the commencement of this action; but the plaintiff admits in the pleadings referred to that the writing contains the agreement made by the parties, and asks judgment for drilling and casing the well according to the terms of that agreement, and for board which the defendant was required by the agreement to furnish, but which he did not furnish. The defendant denies that the well was completed as required by the agreement, and denies that the plaintiff is entitled to recover anything on account of it. The defendant, by way of counterclaim, asks to recover two hundred and five dollars and fifty-four cents for the cost of a test of the well made by the defendant, and for board furnished employes of the plaintiff, and for keeping his horses while the well was being drilled. The decree of the district court awarded to the plaintiff two hundred and forty-five dollars and provided for the sale of the premises in which the well had been drilled for the amount found due, with interest and costs.

1. The defendant objects to a recovery by the plaintiff, because of the variance between the written statement for a mechanic's lien and the original petition founded thereon and the petition as amended. We do not find that the variance is material. The amendment to the petition was authorized, and the case is to be tried upon the pleadings as amended; that is, upon the theory that the real agreement which the parties entered into is expressed by the

writing which was signed by the plaintiff. The fact that the statement for a mechanic's lien filed was drawn on the theory that the plaintiff was entitled to recover the amounts therein set out, instead of those provided for by the agreement, in view of the facts disclosed by the record, is not material. As between the parties to the contract, the filing of a statement for a mechanic's lien is not necessary to create a lien. *Peatman v. Power Co.*, 105 Iowa, 1, and cases therein cited; *Lee v. Hoyt*, 101 Iowa, 101; *Chicago Lumber Co. v. Des Moines Driving Park*, 97 Iowa 25. Therefore in such a case the filing of an erroneous statement will not necessarily defeat the right of the contractor to a lien, and we do not find that the statement filed in this case should have that effect.

The appellant argues very briefly that the drilling and casing of a well is not such an improvement as entitles the contractor who does the work, and furnishes the material therefor, to a mechanic's lien. The appellee has not given this point any attention in argument. Section 3 of chapter 100 of the Acts of the Sixteenth General Assembly, under which this action arose, provided that "every mechanic or other person who shall do any labor upon, or furnish any materials, machinery or fixtures for any building, erection or other improvement, upon land   *   *   *   by virtue of any contract with the owner,   *   *   *   upon complying with the provisions of this chapter, shall have for his labor done, or materials, machinery or fixtures furnished, a lien upon such building, erection or improvement, and upon the land belonging to such owner on which the same is situated, to secure the payment of such labor done, or materials, machiney or fixtures furnished." It was held in *Brown v. Wyman*, 56 Iowa, 452, of section 2130 of the Code of 1873, which contained the provision we have quoted, that it did not authorize a lien for breaking prairie land; but a well designed to furnish a lasting

supply of water is of a different character, and may add as much to the permanent value of the land on which it is made as would any building which could be placed upon it. It is true that a well drilled into land is not an improvement upon land in precisely the same sense that a building is, but that might be said of the excavations for foundation walls and cellars. Nevertheless, the well, like the excavations for other purposes, is in a sense supported by the land in which it is sunk; and the right to a lien for the excavations necessary for buildings will hardly be questioned by any one. We are of the opinion that a well designed, sunk and completed for permanent use is an improvement, within the intent and spirit of the statute, for which a mechanic's lien may be established. We are aware that the supreme court of Nebraska held in *The Omaha Consol Vinegar Co. v. Burns*, 49 Neb. 229 (68 N. W. Rep. 492) that a mechanic's lien cannot be established under a statute of that state which allows such a lien for labor performed or material furnished for the erection of "any house, mill, manufactory, or building or appurtenance." It will be observed, however, that the word "appurtenance" is used in that statute in a less comprehensive sense than is the word "improvement" in the statute under consideration. A well, although an improvement upon land, may not be appurtenant to any "house, mill, manufactory, or building."

II. The remaining questions discussed in the arguments submitted to us depend upon the evidence, which is voluminous and conflicting, and need not be set out. We are satisfied that a preponderance of the evidence shows that the plaintiff performed substantially all the requirements of the agreement on his part; that the well furnished a good and sufficient flow of water, as shown by repeated tests; and that the defendant was

at first, and should have.continued to be, satisfied with it. The casing in the lower part of the well was less than five inches in diameter, but the reduction was necessary and authorized by the agreement. The counterclaim is without merit. The decree of the district court is fully sustained by the evidence, and is AFFIRMED.