## ROLEWITCH et al v. HARRINGTON et al.

A mere unexecuted agreement to accept a mortgage on land to secure the amount due for the construction of a well thereon did not constitute a taking of collateral security within Code Civ. Proc. § 695, providing that no person is entitled to a mechanics' lien who takes collateral security on the same contract.

The drilling and casing of a well under a contract with the owner of land constitutes an improvement for which the contractor is entitled to a mechanic's lien, under Code Civ. Proc. § 696, providing that every person who shall do any labor upon or furnish any materials, etc., for any building, erection, or other improvements on land, shall be entitled to a lien.

(Opinion filed, April 3, 1906.)

Appeal from Circuit Court, Hyde County. Hon. LORING E. GAFFY, Judge.

Action by Louis Rolewitch and others against William M. Harrington and another. From a judgment for plaintiffs, defendants appeal. Affirmed.

*A. N. Van Camp* and *Wilbur S. Glass,* for appellants. *L. E. Whitcher* and *Crawford & Taylor,* for respondents.

FULLER, P. J. Pursuant to a valid contract between the real parties in interest, a well 1,600 feet deep was drilled and cased with iron tubing by plaintiffs on the farm of the defendant, William Harrington, and the ultimate question presented by this appeal is whether a mechanic's lien for the laor and material thus used in making such improvement is within the purview of the following statutory provision: "Every mechanic, or other person who shall do any labor upon, or furnish any materials, machinery or fixtures for any building, erection or other improvements upon land, including those engaged in the construction or repair of any work of internal improvement, by virtue of any contract with the owner, his agent, trustee, contractor, or subcontractor, upon complying with the provisions of this chapter, shall have for his labor done, or materials, machinery or fixtures furnished, a lien upon such building, erection, or improvement, and upon the land belonging to such owner, on which the same is situated, to secure the payment of such labor done, or materials, machinery, or fixtures furnished: Provided, that the provnsions of this chapter shall not be construed to apply to claims or contracts for furnishing lightning rods or any of their improvements." Section 696, Code Civil Procedure. Although water in a sufficient quantity for pumping was obtained, a flowing well could not be secured on account of the elevation but, in conformity with an alternative condition of his agreement, the defendant Harrington, who made the contract and owned the land in question, agreed to pay plaintiffs the full amount here sought to be recovered and there is no merit in the contention that the right to a lien, if such ever existed, was waived by an agreement that the claim should be secured by a mortgage on the premises. A cursory glance at the section of the statute immediately preceding the provision here quoted is sufficient to show that no agreeemnt

of that character is sufficient to defeat a mechanic's lien unless executed, and that nothing short of the actual taking of collateral security will operate as a waiver of the right. Section 695, Code Civ. Proc.

In this case the mortgage was neither given nor tendered and it would be contrary to the spirit of the statute and the general tenor of practically all the decisions to hold that plaintiffs lost their right to a lien by promising to take the mortgage which the defendant has always refused to execute. In the case of Baumhoff v. Railway Company, 171 Mo. 120, 71 S. W. 156, the prevailing view is stated thus: "It seems that, while a mechanic's lien may be lost by accepting a contract for a security inconsistent with the existence of lien, such waiver is only conditioned upon the performance of the contract. Thus, a provision in the building contract that the owner shall give the contractor notes secured by mortgage would not waive the lien if the notes and mortgage were not given." In Phillips on Mechanic's Liens, § 285, it is said: "Whatever diversity of authority may exist as to the effect of giving a note, or independent security of a third person, or by mortgage, or extension of credit beyond the period in which the lien may be filed, all the cases agree that there will be no waiver when the agreement to give the note or other security has not been performed by the promisor." See, also, Halsted & Harmount Co. v. Arick (Conn.) 56 Atl. 628; Firth v. Rehfeldt, 51 N. Y. Supp. 980. Our mechanic's lien law was designed to protect materialmen, contractors and laborers, and its provisions must be liberally construed that the intention of the Legislature may be fully realized. Pinkerton v. Le Beau, 3 S. D. 440, 54 N. W. 97; Hill et al. v. Alliance Building Co., 6 S. D. 160, 60 N. W. 752, 55 Am. St. Rep. 819; Kehoe v. Hansen, 8 S. D. 198, 65 N. W. 1075. Thus construed, the phrase "or other improvements upon the land" is clearly sufficient to entitle plaintiffs to a mechanic's lien for drilling and casing the well pursuant to contract with the owner of the land, and it has been so held under legislative enactments, some of which are much less favorable to the view than any provision of our statute. Haskell v. Gallagher, 50 N. E. 485; Balch v. Chaffee et al., 73 Conn. 318, 47 Atl. 327; Hoppes v. Baie, 105 Iowa, 648, 75 N. W. 495; Bates v. Harte, 124

Ala. 427, 26 South. 898.

It being undisputed that the labor was performed, material fur-- nished, and lien filed in proper manner within the required time,. the judgment appealed from is affirmed.

CORSON, J. (concurring specially.)     I concur in the fore- going opinion on the ground that the trial court found as a fact that the well described in the complaint was intended to be and was an improvement to said real estate and materially enhanced the value of said property. It would seem, therefore that under the findings. of the court the well in controversy constituted an improvement within the terms of the mechanic's lien law of this state.