(December 24, 1919.)

## C. E. ARMITAGE, Respondent, v. I. W. BERNHEIM, Appellant.

[187 Pac. 938.]

MECHANIC'S LIEN — PROPERTY SUBJECT TO — STATUTORY PROVISION — SCOPE OF—TOWN SITE NOT LIENABLE.

1. C. S., sec. 7339, confers a right of lien for labor performed or materials furnished on certain improvements or structures, and C. S., sec. 7344, specifies the character and extent of land subject to such lien.

[As to the buildings and other property subject to lien, see note in 78 Am. Dec. 694.]

2. A town site is neither a structure nor an improvement within the meaning of C. S., secs. 7339 and 7344, and is not the subject of a lien under these sections.

[As to the meaning of the word "building" within a mechanic's lien statute, see note in Ann. Cas. 1912B, 7.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl. A. Davis, Judge.

Consolidated action to foreclose an alleged laborers' lien and to quiet title founded upon a tax deed. Judgment giving holder of tax deed title subject to the lien. *Modified and affirmed.*

Hawley & Hawley, for Appellant.

Under the facts as developed in this case, the plaintiff Armitage was not entitled to a lien in any amount or at all upon the Horseshoe Bend town site or any part or portion thereof. (Rev. Codes, secs. 5110, 5112, 5114, 5116; *Rice v. Colorado Smelting Co.,* 28 Colo. 519, 66 Pac. 894; 20 Am. & Eng. Ency. of Law, 311; *Phillips v. Salmon River etc. Co.,* 9 Ida. 149, 72 Pac. 886; *Pacific States Sav. L. & B. Co. v. Dubois,* 11 Ida. 319, 83 Pac. 513; *Stephens v. Hicks,* 156 N. C. 239, Ann. Cas. 1913A, 272, 72 S. E. 313, 36 L. R. A., N. S., 354; *Smallhouse v. Kentucky etc. Min. Co.,* 2 Mont. 443; *South Fork Canal Co. v. Gordon,* 6 Wall. (U. S.) 561, 18 L. ed. 894, see, also, Rose's U. S. Notes; *Whitney v. Higgins,* 10 Cal. 547, 70 Am. Dec. 748; *Morris v. Wilson,* 97 Cal. 644, 32 Pac. 801; *Rollin v. Cross,* 45 N. Y. 766; *Pilz v. Killingsworth,* 20 Or. 432, 26 Pac. 305; *Bradbury v. Idaho etc. Land Imp. Co.,* 2 Ida. 239, 10 Pac. 620; *Moore v. American Industrial Co.,* 138 N. C. 304, 50 S. E. 687.)

The appellant Bernheim, by reason of acquiring the tax title, is the owner of the Horseshoe Bend town site and the whole thereof, free and clear of any and all claims of plaintiff and respondent Armitage. (*Jones v. Black,* 18 Okl. 344, 11 Ann. Cas. 753, 88 Pac. 1052, 90 Pac. 422; *Waterson v. Devoe,* 18 Kan. 223; *McLaughlin v. Acom,* 58 Kan. 514, 50 Pac. 441; *Miller v. Ziegler,* 31 Kan. 417, 2 Pac. 601; *Uhl v. Small,* 54 Kan. 651, 39 Pac. 178; *Moore v. Boagni,* 111 La. 490, 35 So. 716; *Booker v. Crocker,* 132 Fed. 7, 65 C. C. A. 627.)

J. B. Eldridge, E. G. Davis and Floyd C. White, for Respondent.

Our lien statutes, secs. 5110 and 5113, Rev. Codes, taken together, are more broad and liberal, perhaps, than the lien statutes of any other state. In sec. 5110 a "wagon road" is classed as a "structure." This statute appears to have been first enacted in 1893, when the only wagon roads known in the state were but little more than improved trails over which it was possible to drive a wagon.

A town site divided into lots and blocks with the necessary streets, alleys and sidewalks, with the points of intersection all designated by appropriate markings, is much more a "structure" within the ordinarily accepted meaning of that term than a wagon road of the 1893 type could possibly be, and since the statute specifically designated such a wagon road as a structure, it would be a very narrow interpretation to refrain from bringing a town site within the meaning of the words "any other structure" as used in the statute. Even though there should be some difficulty in designating a town site so laid out, marked and developed as a structure, there should be no difficulty whatever in holding it to be an "improvement" within the meaning of the statute and within the meaning of the decisions.

A person who performs labor, not only in the construction, but also in the alteration or repair of any of the structures particularly designated in sec. 5110 or any other structure ·is entitled to a lien upon the structure and of sufficient land surrounding the same to make his claim good. Under the broad terms of our statute, the Armitage claim comes fully and fairly within the intent of the legislature. (*Helm v. Chapman,* 66 Cal. 291, 5 Pac. 352; *Williams v. Mountaineer Gold Min. Co.,* 102 Cal. 134, 34 Pac. 702, 704, 36 Pac. 388; *Haskell v. Gallagher,* 20 Ind. App. 224, 67 Am. St. 250, 50 N. E. 485; *Peaceable Creek Coal Co. v. Jackson,* 26 Okl. 1, Ann. Cas. 1912B, 1, 108 Pac. 409; *Stevens v. City of Port Huron,* 149 Mich. 536, 12 Ann. Cas. 603, 113 N. W. 291; *Saunders v. Wilson,* 19 Tex. 194, 197; *Parker v. Wulstein,* 48 N. J. Eq.

94, 21 Atl. 623; *Spencer v. Tobey,* 22 Barb. (N. Y.) 260; *Central Trust Co. v. Sheffield etc. Ry. Co.,* 42 Fed. 106, 9 L. R. A. 67; *French v. City of New York,* 16 How. Pr. (N. Y.) 220, 29 Barb. 363; *Chase* v. *Sioux City,* 86 Iowa, 603, 53 N. W. 333; *Rolewitch v. Harrington,* 20 S. D. 375, 107 N. W. 207, 6 L. R. A., N. S., 550; *Hoppes v. Baie,* 105 Iowa, 648, 75 N. W. 495; *Bates v. Harte,* 124 Ala. 427, 82 Am. St. 186, 26 So. 898; *Lockhart v. Rollins,* 2 Ida. 540, 21 Pac. 413.)

The lien law and all its provisions and all proceedings under it are to be liberally construed with a view to effect the objects of the act. (*Colorado Iron Works v. Rickenberg,* 4 Ida. 262, 266, 38 Pac. 651; *Phillips v. Salmon River Min. Co.,* 9 Ida. 149, 72 Pac. 886; *Thompson v. Wiseboy Min. etc. Co.,* 9 Ida. 363, 74 Pac. 958; *Idaho Comstock Min. etc. Co. v. Lundstrum,* 9 Ida. 257, 274, 74 Pac. 975; *Naylor v. Lewiston etc. R. Co.,* 14 Ida. 789, 802, 96 Pac. 573; *Hill v. Twin Falls etc. Land & Water Co.,* 22 Ida. 274, 125 Pac. 204; *Chamberlain v. City of Lewiston,* 23 Ida. 154, 129 Pac. 1069.)

BUDGE, J.—This is a consolidated action, involving an action to foreclose an alleged laborers' lien by respondent Armitage on the Horseshoe Bend town site in Boise county, consisting of about 180 acres, and an action, founded upon a tax deed, to quiet title to the same lands in appellant Bernheim.

Other issues were involved upon the trial which are not material here, the court having given judgment in favor of Armitage, and Bernheim being the only party who has prosecuted an appeal.

The Horseshoe Bend Company, Limited, was organized as a corporation October 2, 1905, and March 24, 1906, it executed a deed of trust to the Idaho Trust & Savings Bank, Limited, hereinafter called the trustee, hypothecating all of its property to secure two hundred mortgage bonds, par value $500 each, the deed providing that in case of default in payment of interest the holders of one-fifth of the bonds issued and outstanding might commence proceedings to foreclose. Seventy-three thousand dollars par value of the bonds

were sold, Bernheim purchasing $17,000 thereof. In April, 1911, Bernheim demanded that the trustee commence foreclosure proceedings, and the action was begun in Boise county on November 13th thereafter.

In the meantime, on July 6, 1911, the lands involved in this appeal were sold to Boise county for the delinquent 1910 taxes, and the tax certificate was sold October 26, 1911, to the Boise Basin Bank, which in turn, on August 10, 1913, sold it to Bernheim. On August 13, 1913, a stipulation was entered into between the trustee and the Horseshoe Bend Company, which provided that execution would be waived, and warranty deed be made by the Horseshoe Bend Company to the Boise Title & Trust Company and placed in escrow with the trustee, and the Horseshoe Bend Company might continue to sell its property in a specified manner for the benefit of bondholders, and upon certificate of default upon the part of the Horseshoe Bend Company, by the trustee, the warranty deed held in escrow should be delivered to the Boise Title & Trust Company, and held for bondholders, and that the passing of the warranty deed should be considered as satisfaction of the mortgage or deed of trust. The deed was actually made, executed and placed in escrow on August 12, 1913. On August 30, 1913, a decree of foreclosure was entered and execution waived by the foregoing stipulation.

On June 25, 1914, Armitage filed notice of his claim of lien with the recorder of Boise county, and on July 1st, thereafter, commenced his action to foreclose the same.

On July 6, 1914, the period of redemption of the 1910 tax certificate expired. On September 14, 1914, the warranty deed to the Boise Title & Trust Company was recorded in Boise county. In December, thereafter, the decree of foreclosure was recorded. On January 18, 1915, Bernheim gave notice to the Horseshoe Bend Company of tax delinquency as a basis for applying for a tax deed, which was issued on January 29, 1915. April 9th, thereafter, Bernheim commenced his action to quiet title, having purchased the delinquent tax certificates for the years 1911, 1912 and 1913, and paid the taxes for 1914.

The claim of lien of Armitage upon the platted town site covers a period from February 5, 1906, to June 1, 1914, for labor which, it is alleged:

"Consisted of digging irrigation ditches and improving same for said land, building fences upon said land, laying out plans and directing work upon said property, directing surveys to be made and assisting therein, directing the work of platting town sites and surveys and assisting in said work, planning and directing the sale of town sites on said property, and all incidental work connected therewith."

With respect to this claim of lien, appellant urges among other things that Armitage did not perform work of a character which entitled him to the lien which he claims.

Respondent seeks to bring his claim of lien within the provisions of C. S., sec. 7339 and 7344, and R. C., sec. 5150, the material parts of which, so far as this discussion is concerned, are as follows:

"7339. (5110) Right to lien. Every person performing labor upon or furnishing materials to be used in the construction, alteration or repair of any mining claim, building, wharf, bridge, ditch, dike, flume, tunnel, fence, machinery, railroad, wagon road, aqueduct to create hydraulic power, or any other structure, or who performs labor in any mine or mining claim, has a lien upon the same for the work or labor done or materials furnished, whether done or furnished at the instance of the owner of the building or other improvement or his agent; . . . . "

"7344. (5113) Land subject to lien. The land upon which any building, improvement or structure is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof, to be determined by the court on rendering judgment, is also subject to the lien, if, at the commencement of the work or of the furnishing of the material for the same, the land belonged to the person who caused said building, improvement or structure to be constructed, altered or repaired, but if such person owns less than a fee simple estate

in such land, then only his interest therein is subject to such lien."

"5150. This title establishes the law of this State respecting the subject to which it relates, and its provisions and all proceedings under it are to be liberally construed with a view to effect their object."

(R. C., sec. 5150, is not found in the Compiled Statutes or Compiled Laws, but is embodied in the second sentence of C. S., sec. 9444.)

It is urged that since the latter section provides that the provisions of the statutes governing liens are to be liberally construed with a view to effect their object, the words "improvement" and "structure" used in the two preceding sections should be construed to include a town site, or, in other words, that a town site is either a structure or an improvement within the meaning of the foregoing sections.

By any of the ordinary canons of statutory construction, it cannot be said that a town site resembles or is related to or belongs in the same class with the specific structures or improvements mentioned in sec. 7339, *supra,* which are: "Any mining claim, building, wharf, bridge, ditch, dike, flume, tunnel, fence, machinery, railroad, wagon road, aqueduct to create hydraulic power."

While it cannot properly be claimed that no other structures or improvements than those specifically named in the statute could be the subject of a lien, since the statute is to be liberally construed and since the legislature has evidently added the words "or any other structure" and "or other improvement" for the purpose of extending the benefit of the statute to anyone performing labor upon or furnishing materials to be used in the construction thereof, it does not follow that the words "structure" and "improvement" enlarge the scope of the section to the extent of giving a blanket lien upon the whole town site. We are unable to see any similarity between a town site as such and any of the things specified in the statute as a structure or improvement, and therefore hold that a town site is neither a structure or an improvement within the meaning of the sections of the statute above quoted, and is not the subject of a lien thereunder.

The evidence shows that all of the labor performed by Armitage was of a desultory character at best and consisted of building and helping to build some ditches and a few fences, doing some repair work on a few houses, assisting in surveying some of the town site, setting and resetting a few of the stakes that marked certain boundaries and measurements included in the survey, and collecting rents on some of the houses.

Although some of this labor was doubtless of a lienable character, such as building the ditches and the fences and repairing the houses, no lien is claimed by Armitage upon any particular lot or house for repairs, or upon any fence or ditch built.

Appellant does not contest that part of the judgment giving Armitage a lien upon the mines. We will, therefore, not disturb the judgment in that respect.

For the reasons above given, we hold that respondent has no lien upon the Horseshoe Bend town site. The cause is remanded with instructions to modify the conclusions of law, decree and judgment entered to conform to the views herein expressed, and as so modified the judgment will stand affirmed. Costs are awarded to appellant.

Morgan, C. J., and Rice, J., concur.

A petition for rehearing was filed on behalf of respondent in this case. A rehearing was granted, and the court, after again reconsidering the arguments presented, adheres to its original decision.