98 So.2d 435

George C. WILKINSON et al.

v.

F. W. ROWE, d/b/a Rowe Surveying Company.

I Div. 704.

Supreme Court of Alabama.

Aug. 22, 1957.

Rehearing Denied Nov. 21, 1957.

**676**

Edmund R. Cannon, Jr., Hand, Arendall & Bedsole, Mobile, for appellants.

Rae M. Crowe, Gaillard & Gaillard, Mobile, for appellee.

COLEMAN, Justice.

Appellee filed his bill in equity against appellants to enforce an alleged mechanic's lien claimed by appellee against certain lands owned by appellants. Demurrer to the bill of complaint as amended was overruled, and respondents appeal to this court to review the ruling on demurrer.

Appellee states the question in the case as follows:

"Essentially the question raised by appellants' demurrer is whether services rendered by a surveyor in preparing land for subdivision and for sale, constitutes an improvement to property within the meaning and connotation of Section 37, Title 33 of the Alabama Code of 1940; or stated differently, is a surveyor entitled to a mechanics lien for the rendition of surveying services, such as the preparation of maps and plats, surveying and marking proposed streets and boundary lines, etc., under the provisions of the above cited Alabama Statute?"

The bill of complaint describes the services for which appellee claims a lien as follows:

"(a) Complainant claims of said defendants the sum of One Thousand Seven Hundred Sixty-Six Dollars and 30/100 ($1,766.30), with interest thereon, from to-wit, June 6, 1956, for the following surveying services rendered by the undersigned, viz.

| | |
|---|---|
| "Planning & plotting and submission of preliminary layout of Tuskeegee Terrace to Mobile City Planning Commission, including revisions | $ 308.75 |
| "Boundary survey and topographic map of Tuskeegee Terrace | $1,291.25 |
| "For running in center line of Road No. 1 as per plot plan of Tuskeegee Terrace.. | $ 166.30 |
| "Total | $1,766.30 |

\*　　\*　　\*　　\*　　\*　　\*

"Complainant avers that the surveying services performed by him upon the lands described in Paragraph Two of the Bill of complaint were for the purposes of subdividing said real property into residential lots in such manner as to meet the requirements of the Planning Board of the City of Mobile and in order that the subdivision designated as 'Tuskegee Terrace' by the respondents would meet with the approval of the Federal Housing Administration and qualify said properties for Federal Housing Administration loan commitments. Complainant alleges that all of the surveying services rendered and performed by him were necessary and required for such purposes and as a matter of law constituted an 'Improvement' within the meaning of the statutes."

Appellants and appellee both agree that the precise question in this case has not been heretofore answered in Alabama.

The right to a mechanic's lien as claimed here did not exist at common law. Appellee's right, if any, to such a lien must ·be conferred on him by statute.

"* * * A builder's or mechanic's lien is purely statutory. * * *" Copeland v. Kehoe & Ramsey, 67 Ala. 594, 597; First Colored Cumberland Presbyterian Church v. W. D. Wood Lumber Co., 205 Ala. 442, 88 So. 433.

Section 37, Title 33, Code 1940, provides that every person "* * * who shall do or perform any work, or labor upon, or furnish any material, fixture, engine, boiler, or machinery *for any building or improvement on land,* or for repairing, altering, or beautifying the same, * * * shall have a lien therefor *on such building or improvements* and *on the land* on which the same is situated, * * *" etc. (Emphasis supplied.)

By its language, the statute gives the lien first on the building or improvement, then on the land. Unless the improvement on which the lien can be fastened exists, the lien never attaches to the land. The statute gives a lien for work on an *improvement* on land, but does not give a lien for work on *land* in the absence of an improvement or building thereon.

This court has construed the word "improvement," as used in the statute, to embrace more than the word "building," and, in holding "that a well designed and made for a permanent supply of water" constitutes an improvement under our mechanic's lien statute, this court said:

"The statute recognizes that improvements meriting the protection of a lien may be made upon land otherwise than by buildings, but, as they may occur in unforeseen variety the scope of the term *improvement* is left for determination in particular cases as they may arise. It is well known that a supply of water is often one of the most convenient and useful of all appurtenances to land. Its development by means of drilling and casing a well may greatly enhance the permanent value of the land. We, therefore, hold that a well designed and made for a *permanent* (Emphasis supplied.) supply of water is an improvement upon land within the meaning of the statute referred to. Hoppes v. Baie, 105 Iowa ˉ648, 75 N.W. 495." Bates v. Harte, 124 Ala. 427, 430, 26 So. 898, 899.

The question here before us is: Does the thing on or for which the surveyor furnished labor, as averred in the bill, constitute an improvement within the meaning of § 37 of Title 33?

In considering mechanic's liens, Somerville, J., writing for this court, had the following to say:

"The general rule on this subject seems to be well settled. 'In order to establish a mechanic's lien, it is usually necessary that the materials furnished or labor performed should have gone into something which has attached to and become a part of the realty, and has

added substantially to the value thereof.' 27 Cyc. 31, A. 1; Rockel on Mech. Liens, § 14. * * *

* * * * * *
"This court has held that the lien given by our statutes on a 'building or improvement on land' attaches *specifically* to the materials or fixtures furnished, provided they remain capable of practical identification, and are not so merged in the freehold as to be incapable of severance. Rothe v. Bellingrath, 71 Ala. 55. In a later case, it was declared that 'it was not the intention of the statutes to give a lien on the materials *as such,* but on the buildings [or improvements] in the construction of which they are used, which must be erected on land. * * * The lien attaches only to such building, erection, or improvement as constitutes under the common-law doctrine, *a part of the realty.*' (Italics ours.) Turner v. Robbins, 78 Ala. 592, 595.

"It may be that the statement last quoted was a dictum not necessary to the decision of that case; but it is weighty nevertheless, and accords with the general consensus of judicial opinion." Forbes v. Alabama Machinery & Supply Co., 176 Ala. 423, 427, 428, 429, 58 So. 398, 399.

Can it be said from the averments of the bill in this case that anything has attached to and become a part of the realty, as a result of the surveyor's work?

■ We recognize that in construing a similar lien statute, this court has said:

" * * * This act should receive a liberal construction, as it is but an extension of the doctrine of lien, so much favored by the courts, as consonant with every principle of equity and justice as applied to personal property. Cross on Law of Lien, 24. *The intention of the act was, to give to the mechanic who had expended his labor and furnished materials in improving*

*the ground of another, a prior right of satisfaction by a lien upon the building, and the interest of the party contracting for its erection, in the land so improved. * * *"* (Emphasis supplied.) Montandon & Co. v. Deas, 14 Ala. 33, 43.

In Montandon & Co. v. Deas, supra, however, it appears that the improvement was a "brick house," which is unquestionably an improvement of the character for which the lien was provided.

In Floyd v. Rambo, 250 Ala. 101, 106, 33 So.2d 360, 364, the court said:

" * * * The language of the statute is all inclusive and the lien is intended to secure payment for *any work or labor.* It not only includes material, fixtures, boiler or machinery, but it includes labor and work."

In the last cited case, however, the lien was sought for labor done and material furnished in installing a heating system in a dwelling house. The heating system was a visible, tangible thing.

Appellee argues that he is entitled to a lien in this case by analogy to our holding that an architect is entitled to a lien for his services in preparing plans for a building. This court has held that an architect who prepares the drawings, plans, and specifications for a building, and superintends the erection thereof, is entitled to a lien under our statutes. Hughes v. Torgerson, 96 Ala. 346, 11 So. 209, 16 L.R.A. 600. Beyond that holding, so far as we are advised, this court has not extended the coverage of the mechanic's lien statute with respect to architects.

While it does not appear to have been controlling, the opinion in Hughes v. Torgerson, supra, noted that, "By the judgment a lien was declared only on the building, and not on the lot." For a collection of authorities dealing with the right of architects to a lien, see 60 A.L.R. 1252.

The rationale for allowing a lien for preparing plans which are actually used ap-

pears to be that when the plans are used they become a part of the building and the labor expended in preparing the plans is performed on the building in the same sense as the labor of the carpenter or brickmason.

"'The theory of these cases and others cited by the plaintiff is that the labor of superintendence works the plans into the construction so that they actually become part of the building.'" Gaastra, Gladding & Johnson v. Bishop's Lodge Co., 35 N.M. 396, 403, 299 P. 347, 350.

We have not been cited to nor have we found any case in this jurisdiction where a lien has been granted when there was no tangible improvement constructed on the land on which the lien was claimed.

In the instant case, from the averments of the bill, we do not understand that anything tangible or visible has been added to the land as a result of appellee's services, except perhaps stakes or markers placed on the land by the surveyor. We do not think it will be seriously contended that such stakes or markers constitute an "improvement" within the meaning of that word as it is employed in the statute.

■ We do not think that a surveyor who stakes out a subdivision and draws maps thereof is in the same position as an architect who prepares plans for a building or other tangible improvement.

The architect's plans which are actually used become a part of the building. The most that can be said of the surveyor's plat and stakes is that they designate the boundaries of the area within which some building or improvement may or may not be later constructed. We are of opinion that the work of pointing out the place where an improvement may afterwards be constructed is not and does not become a part of the improvement under the statute as it presently appears in the Code.

While we recognize that the right to a lien in any case depends on the particular statute involved, for authorities from other jurisdictions supportive of the foregoing views, see the following cases:

In Armitage v. Bernheim, 32 Idaho 594, 600, 187 P. 938, 939, it was said:

"* * * We are unable to see any similarity between a town site as such and any of the things specified in the statute as a structure or improvement, and therefore hold that a town site is neither a structure nor an improvement within the meaning of the sections of the statute above quoted, and is not the subject of a lien thereunder."

Syllabus 4, by the court, in Buckingham v. Flummerfelt, 15 N.D. 112, 106 N.W. 403, recites:

"Services rendered in surveying and marking the site for a building, and drawing a contract for construction of the building are not labor for which a mechanic's lien may be claimed."

In Daugherty v. Gunther, 88 Wash. 378, 153 P. 336, the court said:

"Plaintiffs' complaint sought to foreclose an asserted lien on lands for 'surveying, placing stakes and monuments, and figuring out distances for the platting of said real estate.' A demurrer being sustained, they elected to stand on their complaint, and have appealed.

"This lien is claimed under the grader's statute, which gives a lien on realty to him who—'clears, grades, fills in or otherwise improves the same or any street or road in front of, or adjoining the same.' Rem. & Bal. Code, § 1131; Pierce's Code, title 309, § 59.

"The decision of the lower court was correct. We incline, to be sure, and are required, to give lien laws a liberal interpretation, and this we do. But in the present instance we are asked to go too far. A civil engineer is clearly not within this statute. He is not within the clause 'otherwise improves the same.'"

We have not found any case where a mechanic's lien has been allowed for surveying services.

Here, we are concerned with a remedy given by statute for work done on an improvement on land. If the "improvement" contemplated by the statute does not exist, the remedy given by the statute does not apply.

" * * * A builder's or mechanic's lien is purely statutory. Its character, operation and extent must be ascertained by the terms of the statute creating and defining it. Of itself, it is a peculiar, particular, special remedy given by statute, founded and circumscribed by the terms of its creation, and the courts are powerless to take it up where the statute may leave it, and extend it to meet facts and circumstances, which they may believe present a case of equal merit, or a necessity of the same kind, as the cases or necessities for which the statute provides." Copeland v. Kehoe & Ramsey, supra.

The legislature has power to extend the right to a lien to cover surveyors' services, but this court does not.

Grounds 4, 5, 7, 8, 9, and 11 of the demurrer are to the effect that the bill fails to aver that appellee has performed services which entitle him to the lien claimed. These grounds are well taken and the decree overruling the demurrer is in error.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON and MERRILL, JJ., concur.

GOODWYN, J., concurs specially.

GOODWYN, Justice (specially concurring).

I agree with the opinion to the extent that it holds the demurrer to the bill should have been sustained.

As I read the bill, there is no allegation that the land was actually subdivided and that the services rendered by appellee were actually used in establishing the subdivision. In this situation there is no question presented as to whether the actual use of such services would give to the surveyor a lien. However, as I read the opinion it contains statements which might be construed as excluding the right to a lien even though the plans prepared by the surveyor are actually used in subdividing the land into lots, including the construction of such things as streets, sidewalks, and sanitary and storm drainage lines.

## On Rehearing

COLEMAN, Justice.

Appellee requests clarification "for the purpose of clearing up some ambiguity which may arise" from the opinion and for guidance in other cases where surveyors and "engineers" claim a lien.

■ We have not found the word "engineer" in the transcript in this case. The word "engineer" appears in the opinion in a direct quotation from a cited case. In any event, the right to a lien depends, not on the title or classification of the person who furnishes the labor, but on the nature of the services rendered.

The decision in this case, as in all cases, is based on the record of the proceedings in the court below as set out in the transcript filed in this court. We cannot anticipate what circumstances may appear hereafter in other cases.

■■ If we were to express an opinion based on facts not shown by the record in this case, that opinion would be dicta and would not be binding in subsequent cases. This court has quoted with approval the following statement of this rule:

"* * * It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision.' * * *" State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 341, 186 So. 487, 496, 121 A.L.R. 283.

When another case involving different facts comes before us, it will be our duty to decide that case according to the law applicable to the facts then presented.

We answered in the negative the question in this case as that question was stated in brief by the appellee. The question so stated is set out in the original opinion.

The allegations of the bill of complaint are that the services rendered by appellee included:

"Boundary survey and topographic map
of Tuskegee Terrace ..............
"For running in center line of Road ....$1,291.25
No. 1 as per plot plan of Tuskegee
Terrace ............................ .$  166.30"

From these allegations, we understand that the boundaries of the lots of the subdivision were actually staked out and marked on the ground, and that the center line of Road No. 1 was actually staked out and marked on the ground, all according to the plan or map prepared by appellee.

Our holding is that preparing such maps and placing stakes on the ground to mark the boundary lines of lots and streets according to such maps is not labor on an improvement within the meaning of the mechanics' lien statute.

Opinion modified and extended. Application overruled.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN and MERRILL, JJ., concur.

GOODWYN, Justice (concurring).

In view of the modification of the original opinion I now concur in the original opinion as modified, and also in the foregoing opinion overruling the application for rehearing.