Per Curiam.

This kettle was a part of the íealty, and passed to the plaintiffs by Kellogg’s mortgage. It could not be removed without actual injury to the mill. It is true * that, by late decisions, tenants have been favored in questions of this kind, and the strictness of the ancient law has been much relaxed. And in the case before us, had the defendant, after making the mortgage deed, put this kettle into the mill, we should have considered him authorized to remove it before delivering possession to the plaintiffs. This fixture was essential to the use of the mill. It was attached to it at the time of executing the mortgage, and it remained there when the plaintiffs took possession. They had a right to retain it; and the defendant must answer to them for the value of it. (a)

Defendant defaulted

 Vide 3 Powell on Mortg. by Coventry, 1041, d. note, Am. ed