## HORACE NOBLE *versus* ZADOCK BOSWORTH.

Where the owner of land erects upon it a dye-house and sets up dye-kettles therein firmly secured in brick work, they become part of the realty and pass by a deed of the land, without express words.

A parol reservation of a fixture, before or at the time of the delivery of a deed of the land, is inadmissible in evidence to control the ordinary effect and operation of the deed.

*Sept.* 30*th.*      SHAW C. J.   It will probably not be necessary to go much at large into the facts of this case, to explain the only material principle of law on which it is decided.   The action is trespass for taking and carrying away one iron kettle and two copper kettles.   There are two counts ; one, *quare clausum*, charging the taking away of the kettles as aggravation ; the other, *de bonis asportatis*, in which the *gravamen* is, the taking away and converting the same kettles.

The defendant, by deed of June 4th, 1835, duly executed, acknowledged and delivered, conveyed to the plaintiff a parcel of real estate, on which was a dye-house, and in that dye-house were the kettles in question.   They were firmly set in brick work, and constituted a valuable part of the estate, and were a part of the realty.   By mutual agreement, the grantor retained possession till April 1836, at about which time the kettles were taken down by the defendant and removed.   The deed conveys the premises, including the dye-house and appurtenances, but making no mention of the kettles, either by expressly excepting or including them.   The deed was not delivered at the time of its date, and probably not till some months after, but this is not material.

The defence relied upon was, that at the time the bargain was made for a sale of the premises, by the defendant to the plaintiff, June 4th, 1835, it was agreed by Bosworth, the owner of the dye-house, with one Chapin, to sell him the three

kettles, that this was known to Noble, and it was understood and agreed, that by the deed from Bosworth to Noble, the kettles were not intended to be conveyed, and that although the agreement between Bosworth and Chapin, from accidental causes fell through and was not executed, yet that the property in the kettles remained in the defendant, and did not pass by his deed to the plaintiff.

This presents two questions ; first, whether the deed, by its ordinary effect and operation, transferred the property in these dye-kettles ; and if so, then secondly, whether that effect can be controlled by the parol agreement made before or at the time of the delivery of the deed, that the kettles should not be considered as included in the deed.

As to the first, whatever doubt there might be, if kettles were erected in like manner by a tenant on the leased premises, for the purposes of his trade, or by a mortgagor after the estate had been mortgaged, we have no doubt, that where an owner erects a dye-house on his own land, and sets up dye-kettles therein, firmly secured in brick work, they become part of the realty, and pass by a deed of the land without express words. The legal effect and operation of such a deed is to vest the entire right and property in the kettles in the grantee. *Union Bank* v. *Emerson*, 15 Mass. R. 159.

2. Then is it competent for the grantor to control or restrain this legal effect, by proof of a parol agreement, made previously to or at the time of the delivery of the deed ? The Court are all of opinion, that it is not. It would be as well contrary to the general rule of the common law, which provides that the terms of an instrument in writing shall not be altered or controlled by a parol agreement, as against the provision of the statutes, which requires that all rights and interests in real estate, shall be manifested by some instrument in writing, and that no action shall be brought on any agreement for the sale of lands, or any interest in or concerning the same, unless in writing. *St.* 1783, *c.* 37, § 1, 2, 3. It is as much against these rules to admit parol evidence, to prevent or restrain the legal inferences and consequences of a deed, as to control and alter its express provisions. *Pattison* v. *Hull*, 9 Cowen, 754. A deed passes all the incidents to the land as well as the land

Noble
v.
Bosworth.

itself, and as much when not expressed, as when they are. If the parol agreement were made before the execution and delivery of the deed, it is to be regarded as part of the negotiation and discussion respecting the terms of the purchase and sale, which is considered as merged and embodied in the deed itself as the final and authoritative expression of the agreement and determination of the parties on the subject. If it was made at the time of the delivery of the deed, then it must be deemed an exception, reservation or defeasance, and being repugnant to the terms and effect of the deed, it is void.

For these reasons, the Court are of opinion, that the verdict, which was for the defendant, must be set aside, and a new trial granted.

*Lathrop, I. C. Bates* and *Forbes,* for the defendant, cited *Holmes* v. *Tremper,* 20 Johns. R. 29 ; *Reynolds* v. *Shuler,* 5 Cowen, 323 ; 10 Amer. Jurist, 56 ; *Mayfield* v. *Wadsley,* 5 Dowl. & Ryl. 224 ; *S. C.* 3 Barn. & Cressw. 357 ; *Evans* v. *Roberts,* 8 Dowl. & Ryl. 611 ; *S. C.* 5 Barn. & Cressw. 829 ; *Austin* v. *Sawyer,* 9 Cowen, 39 ; *Safford* v. *Annis,* 7 Greenleaf, 168 ; 1 Chit. Gen. Pract. 93, 183.

*Wells, Alvord* and *W. G. Bates, contrà,* referred to Sugd. Vend. 81 to 85, and cases cited ; *Gardiner Manuf. Co.* v. *Heald,* 5 Greenleaf, 381 ; *Pattison* v. *Hull,* 9 Cowen, 754 ; *Parkhurst* v. *Van Cortlandt,* 1 Johns. Ch. R. 273 ; *Jackson* v. *Croy,* 12 Johns. R. 427.