Lane, C. J.
If the question were between the grantor and grantee, whether growing crops, annual or other, pass by a deed of sale, it would be of easy solution. They are not, technically, “ emblements,” but “ issues,” or “ profits,” and part of the land, while in the owner’s hands : and, unless excepted, pass by the deed, because it is construed most strongly against him who makes it. 9 Cow. 39; 15 Mass. 159.
This reasoning does not apply to judicial sales when conducted under our system of appraisements. The principle, which now extends to personalty, as well as to lands, is, that the subject of sale should be appraised, and not sold, except at a price bearing some proportion to its value. But where lands are valued for judicial sale, the value of the annual crops is not included in the estimate. Yet, if the -croos passed, the purchaser would acquire property, which had not been subjected to appraisal; and thus defeat the system of policy intended for the debtor’s protection. The debtor’s rights, therefore, can be.saved only by regarding the annual crops as personalty, requiring a separate levy. The ease of Beggs v Thompson, 2 Ohio, 105, although ■decided on other grounds, adopts these premises, and barely abstains from expressing this result.
It is not necessary, howevar, to rest the case upon this ground, since other parties intervene. The lands mortgaged,were under lease. Between mortgagor and mortgagee, a mortgagor in possession is a tenant at will; and, if the emblements are not protected in his hands, it is because he may obtain their value in account, on bill to redeem. But he may lawfully lease, subject to the mortgage ; and when the mortgagee defeats the estate, either by entry or judicial sale, the annual 96] *crops are saved for the tenant, under the common rule relating to emblements, because the termination of the lease is uncertain. The elder jurists find abundant reason for the doctrine, in the protection the law owes to agriculture. Co. Lit. 55 ; 4 Kent Com. 73. And we ■may enlarge the basis by referring to our system of appraisals.
Judgment affirmed.