## HARKNESS vs. SEARS & WALKER.

1. In the United States, public policy requires, (and the adjudicated cases have decided,) that the same protection which the common law in England afforded to fixtures erected for the purposes of trade, should be extended to erections for agricultural purposes.

2. As between vendor and vendee, the stationary machinery by which turning-lathes or other portable machines which are of equal value everywhere are impelled, if erected on the land by the vendor during his ownership, for his own use, for the purposes of either trade or agriculture, and fixed in or to the ground, or to some substance which has already become a part of the freehold, are irremovable fixtures, which pass to the vendee under the deed for the land.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. GEO. D. SHORTRIDGE.

THIS action was commenced by Sears & Walker against Robert Harkness, before a justice of the peace, in March, 1854,

to recover "damages in a sum not exceeding fifty dollars for trespass." The defendant took an appeal from the justice's judgment to the Circuit Court, where another trial was had, which resulted in another judgment against him under the rulings of the court.

The bill of exceptions shows these facts : "On the trial, there was evidence offered by the defendant, conducing to show that one McCullough was the owner of ten acres of land in the vicinity of the town of Clinton, on which he resided and carried on his trade as a cabinet workman ; that for the purpose of assisting him in his trade and work, about five years since, he erected on said lot a turning-lathe, which was propelled by horse power, and a large cog-wheel, let into the ground, on a block of wood, upon a pivot, and a band-wheel connected with said turning-lathe and cabinet shop, all like the running gear of a gin, and used by said McCullough alone for the purpose of his trade ; that in July, 1853, said McCullough sold said lot of land to plaintiffs, and conveyed the same to them by deed, without specifying any part of said machinery, lathe, and cog-wheel. There was evidence, also, conducing to show that said McCullough remained on said land until December, 1853, and, as he was about to remove from the State, he sold said turning-lathe, cog-wheel, and band-wheel to one P. Freeman, for fifteen dollars ; and that the defendant, as the agent of said McCullough, delivered and hauled said turning-lathe, cog-wheel, and band-wheel to said Freeman, a few days after said sale.

"The court charged the jury, that if they believed from the evidence that said cog-wheel was attached to the said lot of land, in the ordinary way, on a pivot resting on a block of wood in the ground, in the same manner in which the running gear of a gin is attached, then the said cog-wheel was a fixture, and passed to the plaintiffs by said deed ; to which charge the defendant excepted, and asked the court to charge the jury, that under the state of facts in evidence, as above recited, the said cog-wheel was not a fixture, and did not pass with the freehold under said deed ; which charge the court refused, and the defendant excepted."

The charge given, and the refusal to charge as requested, are now assigned for error.

WM. P. WEBB, for the appellant:

A fixture is defined by Chitty to be, " a personal chattel annexed to the freehold."—Chitty on Contracts, p. 314. 1. It must be fixed or fastened in or to the ground—actually annexed.—Walker v. Sherman, 20 Wend. 636. 2. It must be adapted or appropriated to the use or enjoyment of the realty to which it is annexed.—*Ib.;* Teaff v. Hewitt, 1 Ohio St. R. 530; Amos & F. on Fixtures, p. 11. 3. The intention of the party making the annexation may be inferred, 1st, from the nature of the article ; 2d, from the structure and mode of annexation ; and, 3d, from the use or purpose for which it is made.—Teaff v. Hewitt, *supra.*

Applying these criteria to the case at bar, it will appear that the cog-wheel was not a fixture, and did not pass with the land. 1. It was slightly attached or set on a pivot, and could be removed without injury to the freehold. 2. It was not adapted to the use or enjoyment of the freehold, as the running gear of a gin on a cotton plantation, as in the case of McDaniel v. Moody, 3 Stew. 314. 3. It was erected and used by McCullough for the purpose of his trade, as shown by the structure and mode of application.

Machinery let into caps, or blocks of timber, have been held removable.—Chitty on Contracts, p. 321; Davis v. Jones, 3 B. & A. 165; Lawton v. Lawton, 3 Atk. 14 ; 5 Den. R. 337.

The taking away of the cog-wheel, even if it were a fixture, could only be sued for by action of trespass *quare clausum fregit,* and not by suit before a justice.—Sturgis v. Warren, 11 Vermont R. 433.

S. F. HALE, *contra :*

It is to be observed, that the question here arises between vendor and vendee, and not between landlord and tenant ; and therefore the rule in the latter class of cases has no application, and the cases are not authority.

For the appellees it is insisted, that the cog-wheel has all the requisites necessary to constitute a fixture—that is, 1st, it was annexed to the realty ; 2d, it was stationary in its character, and appropriated to the use and purposes of the work-shop, and that part of the realty with which it was connected ; and, 3d, the person who placed the wheel on the

land was, at the time, the owner of the fee, and it must therefore be intended that the annexation was made as a permanent accession to the freehold, and so intended by McCullough when he made it.—See Teaff v. Hewitt, 1 Ohio St. R. 522-40, and cases there cited.

Upon a careful examination of all the authorities, these two propositions will be found true: 1st. That the relaxation of the rule in relation to fixtures, in favor of trade, applies only as between landlord and tenant, and not as between vendor and vendee, nor between heir and executor. 2d. The motive power of machinery, which is stationary in its nature, as between vendor and vendee, is always regarded as a fixture, and passes with the freehold; whilst the machinery propelled is sometimes regarded as a fixture, and sometimes as a personal chattel, dependent upon the manner in which it is annexed or attached to the realty.—McDaniel v. Moody, 3 Stew. 314; Hancock v. Jordan, 7 Ala. 450; Miller v. Plumb, 6 Cowen's R. 666; Sparks v. The State Bank, 7 Blackf. 471; Colegrave v. Dias Santos, 2 Barn. & Cress. 76; 9 Serg. & Low. 30; Goddard v. Chase, 7 Mass. 433; Noble v. Bosworth, 19 Pick. 314; Walker v. Sherman, 20 Wend. 636; Elwes v. Maw, 3 East's R. 37; Powell and Wife v. Monson & Brimfield Man. Co., 3 Mason's R. 459; Union Bank v. Emerson, 15 Mass. 159; Vorhis v. Freeman, 2 Watts & Serg. 116; Pyle v. Pennock, ib. 391; Winslow v. Merchants' Ins. Co., 4 Metc. 306; Despatch Line of Packets v. Bellamy Man. Co., 12 N. H. 154; Farrar v. Stackpole, 6 Greenl. 154.

RICE, J.—The exceptions to the action of the court below present the question, whether the vendor, after the sale and conveyance of his land, can lawfully remove fixtures erected on it by himself, for his own use, during his ownership and before the sale and conveyance; it appearing that the fixtures were erected for the purpose of assisting him in his trade, and used by him alone for that purpose.

The general rule of the common law subjected everything affixed to the freehold to the law governing the freehold. This rule never was universal, nor inflexible, nor without exceptions. It was applied most rigorously between executor and heir, in favor of the latter; with more liberality be-

tween tenant for life, or in tail, and remainder-man, or reversioner, in favor of the former; and with still greater generosity between landlord and tenant. An exception in favor of fixtures erected for the purposes of trade, seems to have been almost as ancient as the rule itself.—Elwes v. Maw, 3 East's R. 38.

The common law of England, however, (as has been well remarked by the Supreme Court of the United States,) is not to be taken, in all respects, to be that of America. Our ancestors brought with them its general principles, and claimed it as their birth-right; but they brought with them, and adopted, only that portion which was applicable to their condition. The country was a wilderness, and the universal policy was to procure its cultivation and improvement. The interest of the owner of the soil, as well as public policy, in America, required that erections for agricultural purposes, put upon the land by a tenant, should receive the same protection in favor of the tenant, that was extended by the common law of England to fixtures made for the purposes of trade. But it is certain, that the general doctrine of the common law of England, as to things annexed to the freehold, so far as it respects *heirs and executors*, was adopted by our ancestors, and became part of the common law of America. And the same rule as to fixtures, that applies between heir and executor, applies equally as between vendor and vendee. Van Ness v. Packard, 2 Peters 137; 2 Kent's Com. 343 to 347; English v. Foote, 8 Sm. & Mar. 444; Miller v. Plumb, 6 Cowen 666; Despatch Line v. Bellamy Man. Co., 12 N. H. 232; 20 Johns. 30; 1 Harr. & Johns. 291; 10 Barb. Sup. C. Rep. 496; see, also, the numerous cases cited by the counsel of appellee.

It is settled by the adjudicated cases, as part of the common law of America, that as between vendor and vendee, *the stationary machinery* by which turning-lathes, or any of those machines which are portable and of equal use everywhere, are impelled, must be regarded as *irremovable* fixtures and part of the freehold, whenever such stationary machinery shall have been erected on the land by the vendor himself during his ownership, for his own use, and fixed in or to the ground, or to some substance already become a part of the

32

freehold,—whether erected for the purposes of trade or agriculture; and that such stationary machinery passes by the deed of the vendor to the vendee, conveying the land on which it stands.—Preston v. Briggs, 16 Verm. 124; Union Bank v. Emerson, 15 Mass. 159; Day v. Perkins, 2 Sandf. Ch. R. 364; Walker v. Sherman, 20 Wend. 636; Winslow v. Mcr. Ins. Co., 4 Metc. 306; Hancock v. Jordan, 7 Ala. 448; Amos & Ferard on Fixtures 11.

It will be noticed, that the appellant, in removing the cogwheel from the land, acted as agent of the vendor (McCullough.) This then is, in effect, a case between vendor and vendee. Thus regarding it, the court below committed no error, and its judgment is affirmed.