# Forbes *v.* Alabama Machinery & Supply Company.

*Bill to Enforce Material-man's Lien.*

(Decided April 25, 1912. 58 South. 398.)

1. *Fixtures; Trade Fixtures; Presumption.*—A printing press with hangers and pulleys placed in the building by a tenant for use in his business, and which could be easily removed without injury to the freehold, will be presumed to be a trade fixture, and not intended as an additional improvement to the realty.

[Forbes v. Alabama Machinery & Supply Company.]

2. *Same.*—While the general rule is that whatever is attached to the realty, though but slightly is prima facie a part of it, this presumption is rebutted where trade fixtures are attached.

3. *Mechanics' Lien; Right to; Annexation to Realty.*—To establish a mechanics' lien it is usually necessary that the material furnished or the labor performed should have gone into something which has attached to and become a part of the realty, substantially adding to its value.

4. *Same; Trade Fixtures.*—Construing sections 4754, 4756, 4757, and 4785, Code 1907, it is held that the first three sections were not intended to give a mechanics' lien as to personalty; and that a party who had performed labor and furnished materials upon the installation of a printing press and attachments, placed in a building as a tenant's trade fixture, was not entitled to a lien.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Bill by the Alabama Machinery & Supply Company against A. G. Forbes to enforce a mechanic's or materialman's lien. Decree for complainant, and respondent appeals. Reversed and rendered.

The bill was filed against Forbes as trustee in a deed of trust to secure bonds in the sum of $10,000, issued by the State Publishing Company. It is alleged that Forbes sold the property under the deed of trust, and became the purchaser at and for the sum of $10,000, and that the court confirmed the sale, and that orator was not made a party. A. G. Forbes individually and as trustee, is made a party respondent, and the prayer is as indicated by the opinion.

BALL & SANFORD, for appellant. As to whether or not a mechanics' lien is created is determined by whether the labor and material has added to the value of the real estate.—27 Cyc. 17, 37, 28, 220; 20 A. & E. Enc. of Law, 278, 292, 297, 306. Both the allegations and the proof show that the printing press and attachments never became part of the realty, but were strictly speaking trade fixtures upon which no lien attached under the pleadings in this case.—Sec. 4754, 6, 7, Code 1907, and authorities there cited.

HORACE STRINGFELLOW, for appellee. The articles became affixed to the land in fact and became a part thereof.—*Parker v. Blount County,* 148 Ala. 277; *Harkness v. Sears,* 26 Ala. 493; Ewell on Fixtures, 278-9 and notes; Boisot on Mechanics' Liens, sec. 213. These things, therefore, were subject to a mechanics' lien, if an improvement within the terms of the statute.— *Bates v. Hart,* 124 Ala. 427; *Wimberly v. Mayberry & Co.,* 94 Ala. 242; *Eufaula W. Wks. Co. v. Eddystone Pipe Co.,* 89 Ala. 552. That it was an improvement, see 1 A. & E Enc. of Law, p. 7.

SOMERVILLE, J.—The bill was filed by complainant under section 4754 of the Code to enforce a lien for labor done and materials furnished by it for the installation of the printing and publishing plant of the State Publishing Company. There is no dispute as to the material facts.

Complainant furnished to the State Company a lot of leather belting, drop hangers, lag screws, bolts, shafting, pulleys, journal boxes, etc.; these being the attachments, fastenings, and appurtenances by means of which the printing presses and other machines in the building were connected with and operated by mechanical power. Complainant also placed these various attachments and the presses and machines in position in the building leased and occupied by the State Company, by which the whole plant was prepared for practical operation. The hangers and pulleys were fastened to the ceiling by screws; the presses were attached to the floor by lag screws; and the main shaft was attached by bolts to a brick and concrete pedestal; and the belting connected the printing machinery with the motor by means of the shafts and pulleys. The entire outfit could be and was removed from the building, without

injury thereto, by merely removing the screws and bolts.

Complainant claims and seeks to enforce a lien on "the printing press and attachments," which are described in the bill as a "Potter Perfecting Printing Press, and the attachments, consisting of machinery shafts, pulleys, belting," etc.

The chancellor overruled demurrers to the bill of complainant and on final hearing decreed that complainant was entitled to the relief prayed for, ordered respondent to deliver up the several articles to the register, and, in default of such delivery, rendered a personal judgment against respondent for the amount of the lien. From this decree, respondent appeals.

The decisive question in the case is whether sections 4754 and 4756 of the Code, under which complainant claims and is proceeding, gives to it a mechanic's and materialman's lien on property of such character and condition as that above described.

It is perfectly clear that the printing press and attachments above described were trade fixtures, and that they never became a part of the realty. They form an exception to the general rule, which is almost as ancient as the rule itself.—*Harkness v. Sears,* 26 Ala. 497, 62 Am. Dec. 742. Easily removed without injury to the freehold, it must be presumed that such machinery, when installed by a tenant for use in his business, is not intended as an addition to or improvement of the land.

As a general rule, whatever is attached to realty, although but slightly, is prima facie a part of it.—*Parker v. Blount County,* 148 Ala. 277, 41 South. 923; 19 Cyc. 1036. But, where such attachments are trade fixtures, this presumption is rebutted.—*Thompson Scenic R. Co.. v. Young,* 90 Md. 278, 44 Atl. 1024.

[Forbes v. Alabama Machinery & Supply Company.]

Section 4754 of the Code provides that any person "who shall do or perform any work or labor upon, or furnish any material, fixture, engine, boiler or machinery *for any building or improvement on land,* or for repairing, altering or beautifying the same,   *   *   *   shall have a lien therefor on such building or improvement, and on the land on which the same is situated," etc.

Section 4756 provides that when the building or improvement is erected for a lessee in possession of land, not in violation of the terms of the lease, "the lien shall attach to such building or improvement, and to the unexpired term of the lease;" and, upon a sale of the building or improvement to enforce the lien, the purchaser thereof may take over the lease, also, by performing its obligations, or he may, within 60 days, remove the building or improvement from the premises.

Section 4757 provides that the lessor may, before the sale, discharge a lien attaching under the preceding section by paying to the holder the amount due him, or after a sale, by paying to the purchaser the value of the building or improvement; and, in either case, such building or improvement shall become the property of the lessor.

Complainant's contention is that the lien thus given on a "building or improvement on land" covers chattels which are taken upon land for use thereon, though they are not attached to the realty in such sense as to become a part thereof. Respondent, on the other hand, contends that the lien attaches only to a building or improvement which has become a part of the realty, and not to removable chattels.

The general rule on this subject seems to be well settled. "In order to establish a mechanic's lien, it is usually necessary that the materials furnished or labor

performed should have gone into something which has attached to and become a part of the realty, and has added substantially to the value thereof."—27 Cyc. 31, A. 1; Rockel on Mech. Liens, § 14. "Whether or not machinery is within the lien laws usually depends upon whether it has become a fixture. If it is stationary and firmly attached to the realty, so as to become a part thereof, it is the subject of a lien; otherwise not."— 27 Cyc. 38.

"When the language of an act is 'that every machine hereafter to be erected, constructed or repaired, shall be subject to a lien, in like manner as buildings are made subject,' the word 'machine' applies only to fixed or stationary machinery, and not to movable machines. To extend the construction to the latter, it is though, would be fraught with the most mischevious consequences. The word 'machine,' if to be taken in its most extended signification, means everything which acts by combination of the mechanical powers, however simple or complex it may be. * * * It cannot be supposed that the Legislature designed to subject all these to the operation of the lien laws. Such things as mere chattels pass by delivery; and a construction which would embrace them within the provisions of the lien laws would interrupt the daily transactions of trade in such articles, and render the rights of property in them insecure. The statute should be construed according to the mischief to be remedied."—Phillips on Mech. Liens, § 178. And, again, the same author says: "Chattels personal, erected merely for the purposes of trade, and capable of being removed, are not subject to the lien. The lien only attaches to such property and fixtures as form part of the realty.—Id. § 176, p. 309.

The court has held that the lien given by our statutes on a "building or improvement on land" attaches

*specifically* to the materials or fixtures furnished, provided they remain capable of practical identification, and are not so merged in the freehold as to be incapable of severance.—*Rothe v. Bellingrath,* 71 Ala. 55. In a later case, it was declared that "it was not the intention of the statutes to give a lien on the materials *as such,* but on the buildings [or improvements] in the construction of which they are used, which must be erected on land. * * * The lien attaches only to such building, erection, or improvement as constitutes under the common-law doctrine, *a part of the realty.*" (Italics ours.)—*Turner v. Robbins,* 78 Ala. 592, 595.

It may be that the statement last quoted was a dictum not necessary to the decision of that case; but it is weighty nevertheless, and accords with the general consensus of judicial opinion.

That this theory of the statute is correct is, we think, quite conclusively demonstrated by the provisions of section 4757 following. This section is clearly intended to protect the landlord's *freehold only,* by defeating the threatened removal of that which by attachment has become a part of it; for it could never have been intended to invest the landlord with the right and power to effect a compulsory purchase of his tenant's removable fixtures by merely paying off the lienholder's claim. But, if appellee's theory is correct, it leads to that very result.

We cannot doubt that sections 4754 and 4756 were intended to attach the lien only to the land or the leasehold and to additions to the land, and not to articles of personalty; and this conclusion is confirmed by a consideration of section 4785 of the Code, which makes separate provision for a lien in favor of any mechanic who contributes labor or material for the production

or repair of any article of personalty, and which is enforceable only by process of attachment at law.

Waiving other points of objection to the bill and the final decree, we hold that complainant was not entitled to a lien, as claimed, under sections 4754 and 4756 of the Code. It follows that the bill of complaint should have been dismissed, and a decree will be here rendered accordingly.

Reversed and rendered. All the Justices concur, except DOWDELL, C. J., not sitting.