(96 South. 627)

## HENDERSON v. ALABAMA AUTO CO.
### (3 Div. 607.)

(Supreme Court of Alabama. April 19, 1923. Rehearing Granted May 17, 1923.)

1. Mechanics' liens ⬩80—Lien of "mechanics" contributing labor or material to manufacture or repair of vehicles is available to corporations; "person."

In view of Code, § 1, defining "person" as including a corporation, and sections 4786, 4788, referring to beneficiaries of the lien created by Code, c. 107, art. 2, as "persons," the lien given by section 4785 to "any blacksmith, woodworkman, or other mechanic" contributing labor or material to the production, manufacture, or repair of any vehicle, etc., is available to corporations, as well as individuals.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mechanic; Person.]

2. Attachment ⬩74—Garnishment ⬩82—Suit initiated by attachment or garnishment need not be brought in county of defendant's residence.

Code 1907, § 6110, fixing the venue in the county of defendant's residence, does not apply to actions commenced by attachment or garnishment.

3. Appeal and error ⬩173(16)—Item not questioned as not secured by lien sought to be enforced not reviewed on appeal.

In attachment proceedings in aid of a suit to enforce a mechanic's lien against an automobile, an item of expenditure not questioned on the main trial as not being secured by the lien given by Code; § 4785 et seq., will not be reviewed on appeal.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action by the Alabama Auto Company against J. A. Henderson. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Affirmed.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

Attachment does not confer jurisdiction, where it is based upon mere enforcement of a lien, and there is no necessity for suing outside the county of defendant's residence. Code 1907, §§ 2944, 2926; 6 C. J. 96; 39 Okl. 486, 135 Pac. 1069, 49 L. R. A. (N. S.) 548; Kress v. Porter, 132 Ala. 577, 31 South. 377; McPhillips v. Hubbard, 97 Ala. 512, 12 South. 711; Herndon v. Givins, 16 Ala. 261; Home Prot. Co. v. Richards, 74 Ala. 468; Atkinson v. Wiggins, 69 Ala. 190. Appellee does not come within the class protected by Code, § 4785. Code 1907, § 4754; Code 1876, § 3440; Randolph v. Bldr's, etc., Co., 106 Ala. 501, 17 South. 721; First Presbyterian Church v. Wood Lbr. Co., 205 Ala. 442, 88 South. 433; 27 Cyc. 81; Sweet v.

James, 2 R. I. 270; Savannah R. R. v. Grant, 56 Ga. 68. The judgment was excessive, in that it included such charges as hauling in the car, express charges, etc. Orr v. Jackson Jitney Co., 115 Miss. 140, 75 South. 945.

Ball & Beckwith, of Montgomery, for appellee.

Any person who furnishes material or does work is entitled to a lien; and this whether an artificial or natural person. 27 Cyc. 24; Chapman v. Brewer, 43 Neb. 890, 62 N. W. 320, 47 Am. St. Rep. 779; Doane v. Clinton, 2 Utah, 417; Loudon v. Coleman, 59 Ga. 653; Wood v. Isgrigg Lbr. Co., 71 Ind. App. 64, 123 N. E. 702. There was no objection on the trial to proof of the item for bringing in the car, etc. This charge was a proper item under section 4785 of the Code. Hughes v. Torgerson, 96 Ala. 346, 11 South. 209, 16 L. R. A. 600, 38 Am. St. Rep. 105; 27 Cyc. 43.

McCLELLAN, J. This proceeding was begun by attachment in the circuit court of Montgomery county, at the suit of appellee, a corporation, to enforce statutory lien (Code, § 4785) against appellant's automobile. Appellant was, all the time, a resident of Pike county. The complaint, upon the claim, was later filed in Montgomery county's circuit court. Judgment went for plaintiff.

[1, 2] The system provided by Code, § 4785 et seq., gives a lien to "any blacksmith, woodworkman, or other mechanic" contributing labor or material, or both, to the production, manufacture, or repair of any vehicle, etc. Otherwise in subsequent sections the beneficiaries or holders of such a lien are repeatedly referred to as "persons" or "any persons" enjoining the advantages of the lien. Section 1 of the Code prescribes that the word "person," in the Code, "includes a corporation as well as a natural person." According to the word "person" the significance the statute (section 1) accords it when used in the Code, it is manifest that sections 4786–4788 include corporations as contemplated beneficiaries of the lien created by article 2 of chapter 107 of the Code. If, as is clear, these sections (4786–4788) refer to corporations as well as natural persons, it is not to be supposed that the lawmakers intended to introduce, through section 4785, conflict or inconsistency into the system by restricting the description of possible lienors to *individuals*, excluding corporations or partnerships furnishing or rendering the same service for which *persons* are given a lien. In respect of possible lienors under the system, no reason exists for discriminating between individuals *and* corporations or partnerships as beneficiaries of the statutes' advantages. The lien thereby provided is available to corporations, as it is to individuals furnishing or rendering the material or service, or both, upon

which the system founds a right to the lien. The first venue statute (Code, § 6110) does not apply to actions commenced by attachment or garnishment. McPhillips v. Hubbard, 97 Ala. 512, 12 South. 711. Hence there was no error in sustaining demurrer to appellant's plea in abatement, founded in the fact that he was a resident of another county.

[3] In the brief for appellant insistence is made that several items of the appellee's account—underlying the lien claimed by it—are not such charges as are secured by the lien given by Code, § 4785 et seq. On original consideration the only item found to be subject to that objection was $44.25 for transporting the disabled car from a remote place to the appellee's garage in the city of Montgomery; whereupon the amount for which the appellee's lien was established was ordered tolled to that extent and the judgment reversed unless the appellee should consent to such reduction. Upon reconsideration on rehearing, the conclusion must prevail that the appellant, through his failure to bring this item into question in any way on the *main* trial, has not reserved his objection in such form as to justify review on appeal. The motion for new trial did not do so.

The application for rehearing is therefore granted; and the judgment is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.