(113 So. 641)

## ROGERS v. C. E. GREEN MOTOR CO. (5 Div. 635.)

Court of Appeals of Alabama.   Aug. 2, 1927.

Felix L. Smith, of Rockford, and John A. Darden, of Goodwater, for appellant.

Huddleston & Glover, of Wetumpka, for appellee.

BRICKEN, P. J.   The following facts appear to be established in this case:

J. P. Rogers, defendant in the court below, owned and was in the possession of a certain one-ton Ford motor truck, which was out of repair and needed two new wheels, with tires. C. E. Green Motor Company, a corporation doing business in Wetumpka, Elmore county, Ala., among other things, sold automobile parts and did automobile repair work.

On or about the 4th day of April, 1925, the defendant went to said C. E. Green Motor Company, plaintiff in the court below, and had said motor company order for him two new wheels and tires, known as Lambert tires, with the understanding and agreement that, when the new wheels came, the hubs were to be taken out of the old wheels of the

defendant's truck and were to be put into the new wheels. This job, according to the testimony of the plaintiff, was to be done at the agreed price of $130, and according to the testimony of the defendant it was to be done for the sum of $115.

The wheels were ordered, and after some delay were received by the plaintiff at Wetumpka, and thereupon the old truck wheels were brought in by the defendant, and the hubs taken therefrom and installed in the new wheels. When the new wheels were ready for delivery by the plaintiff to the defendant, the defendant's truck was 10 miles away from Wetumpka, and said truck "would not run because it did not have any wheels on it," and the truck would not then run satisfactorily until the new wheels were carried to it and placed on it. In addition to the above $130, the plaintiff also claimed the additional sum of $3.85 for repair work done on one of the wheels of said truck, while the same was owned by and in the possession of the defendant, making the plaintiff's total claim $133.85.

J. P. Rogers, the defendant, made three partial payments to C. E. Green Motor Company, plaintiff, aggregating $72.50, thus leaving a balance, according to plaintiff's claim, of $61.35, due plaintiff for the material and labor furnished by it to said J. P. Rogers for his said motor truck. J. P. Rogers failed to pay the remainder of said sum, and said motor company, within 6 months after the demand against Rogers became due, brought its action by attachment against Rogers, the defendant, claiming a lien on said motor truck, in a justice of the peace court for precinct No. 8, Elmore county, Ala. J. P. Rogers was, at the time said action was brought and prior thereto, a resident of Coosa county, Ala.

In the justice court a judgment was rendered in favor of the C. E. Green Motor Company, plaintiff, and against J. P. Rogers, defendant, for the sum of $61.35, and adjudging that the plaintiff had a lien on the said motor truck of the defendant, and also adjudging that said motor truck be sold for the satisfaction of said judgment and costs. From this judgment J. P. Rogers, the defendant, appealed to the circuit court of Elmore county, Ala.

The case was on the appeal tried de novo in the circuit court of Elmore county, Ala., before the presiding judge of said court, without a jury, and judgment was pronounced against the defendant and the sureties on his appeal bond for the sum of $61.35, and condemning said automobile truck for the satisfaction of the lien to which said truck was found to be subject. From this judgment the defendant in the court below prosecutes his appeal to this court.

In the justice court, and also in the court below, the defendant interposed his plea to the jurisdiction of each court, claiming that he was a resident of Coosa county, Ala., and that he was not a resident of Elmore county, Ala., where the suit was begun. Motions to quash the attachment writ were also filed in the justice court and in the circuit court of Elmore county, Ala., attacking the affidavit for attachment, denying that plaintiff had a lien on the automobile truck, alleging that no statutory ground for attachment existed in the cause, and alleging, also, the residence of the defendant in Coosa county, Ala.

It is apparent, from the evidence set out in the bill of exceptions, that J. P. Rogers, the defendant, while in the possession and ownership of the automobile truck described in the complaint, had the C. E. Green Motor Company, plaintiff, to furnish him material, viz. new wheels and Lambert tires, and the labor of a mechanic in the installation of the old hubs in the new wheels, all of which was done for the purpose of repairing said motor truck of the defendant. This being true, the C. E. Green Motor Company had a lien upon said motor truck. Code 1923, § 8863.

The lien provided by said statute is available to corporations in the same manner as to individuals. Henderson v. Alabama Auto Company, 209 Ala. 482, 96 So. 627. The statutory lien in question was enforceable by attachment. Code 1923, § 8864.

The venue statute (Code 1923, § 10467) does not apply to actions commenced by attachment. Hence every question presented on the record, seeking to abate the proceedings because the defendant resided in Coosa county, Ala., is without any foundation of merit. McPhillips v. Hubbard, 97 Ala. 512, 12 So. 711; Henderson v. Alabama Auto Co., 209 Ala. 482, 96 So. 627.

The affidavit for attachment, the attachment bond, the attachment writ, and the summons and complaint in the justice court are all dated the 23d day of June, 1925. The writ of attachment and the summons and complaint were served on the defendant by the sheriff of Elmore county, Ala., on the day said papers were issued. All of these papers, together with the pleadings of the defendant, were refiled on the appeal in the circuit court.

We have examined the affidavit for attachment and the writ of attachment, and find that they are in substantial compliance with the provisions of section 8864 of the Code. We have examined the complaint, and we are of the opinion it was entirely regular, legal, and proper in the assertion of plaintiff's demand and lien.

Appellant complains, among other things, that the court below erred in sustaining plaintiff's motion to strike defendant's plea No. 3. This plea is a plea of set-off. It appears from the record that this plea is indorsed: "Filed 8/20/25. H. W. Galloway, Clerk." The judgment of the court striking said plea bears date November 19, 1925, and

170

contains, among other things, the following recital:

"*This day* come the parties in person and by their attorneys, and defendant *files pleas* to the complaint as shown by written pleas on file. The plaintiff thereupon moves the court to strike said pleas. Said motion being argued by counsel, and heard and understood by the court, it is the judgment of the court that said motion be and the same is hereby sustained."

The plea of set-off set up in appellant's assignment of error was filed on the *20th day of August, 1925*, while the judgment of the court, striking pleas filed by defendant, according to the recitals of the judgment, refers to pleas filed on the *19th day of November, 1925*, the date of the judgment, and nowhere in the record do we find any pleas of defendant filed on the date the judgment was rendered. This assignment of error, therefore, presents no question for the consideration of this court.

A plea of set-off was not available to the defendant, under the evidence in this case as set out in the bill of exceptions. The attachment and suit was for the sum of $61.35, the amount of plaintiff's claim of $133.85, less admitted payments made by the defendant, aggregating $72.50. The defendant admitted that he owed the plaintiff the sum of $42.50, which sum is the amount of $115 claimed by the defendant as being the amount of plaintiff's claim less the $72.50 paid by the defendant to plaintiff. It is obvious, therefore, that the real issue between the plaintiff and the defendant was whether the plaintiff's full claim was $133.85, as contended by plaintiff, or the sum of $115, as contended by defendant. Under these circumstances, if a plea of set-off was filed, and upon motion of plaintiff was stricken, as stated in the judgment entry, then the striking of said plea was error without injury.

This court has given due consideration to the errors assigned and find them to be without substantial merit. The judgment of the lower court is therefore affirmed.

Affirmed.