## In re BENSON–BECKMANN PAINT CO., Inc. DOULLUT & EWIN, Inc., v. MOBILE PAINT MFG. CO., Inc.

Circuit Court of Appeals, Fifth Circuit.
December 17, 1929.

No. 5632.

David B. Goode and Gessner T. McCorvey, both of Mobile, Ala. (Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, Ala., on the brief), for appellant.

Harry T. Smith and Wm. G. Caffey, both of Mobile, Ala., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case it appears that the Benson-Beckmann Paint Company, Inc., leased a tract of land from the Alabama State Docks Commission for a term of 20 years, with the privilege of a 10-year extension, and later made a contract with appellant for the erection of a building to be used as a paint factory, transferring its lease to appellant and agreeing to buy the building when completed on monthly payments and to retake the lease. In case of default in monthly payments for 60 days, appellant had the right to cancel the contract and treat the payments made as rent.

The building was completed and was equipped with machinery for the manufacture of paint by the Benson-Beckmann Paint Company and was occupied by it. Subsequently, on January 19, 1929, that company was adjudicated bankrupt and surrendered its plant as part of the assets. A trustee was duly appointed and took possession of the assets, including all the machinery in the building. The trustee made an agreement with appellant for the occupancy of the building up to April 1, 1929, for a reasonable rent, to be later fixed. On March 14, 1929, the machinery in the plant was sold in bulk under order of court. Appellant appeared by counsel and objected to the sale of part of the machinery, consisting of heavy pieces, on the ground that they had been permanently affixed and had become part of the realty. As to this part of the machinery the sale was made of such interest as the bankrupt might have. All the machinery was bought by appellee.

While the trustee was still in possession of the premises, appellee sought to remove the machinery, but was prevented from doing so by appellant, who threatened to use force. Appellee then sought a writ of assistance. After issue joined and a hearing before the court, at which evidence was taken, the writ was granted. The machinery in contest, while heavy, was detached by removing a few screws that fastened it to concrete bases, and was removed without injury to the building. This appeal is from the order allowing the writ of assistance.

It would be destructive of the due administration of justice if any court having custody of the res and authority to sell it should be without jurisdiction to put the purchaser in possession. Such is certainly not the case with a court of bankruptcy. A court of bankruptcy is a court of equity. The proceeding taken was proper in the premises, and had all the elements of a plenary suit. Appellant had his day in court, and is concluded by the judgment, if it is right. Terrell v. Allison, 21 Wall. 289, 22 L. Ed. 634; In re Marschall (C. C. A.) 296 F. 685.

There could be no doubt that the judgment was correct, as neither the bankrupt nor appellant had the fee-simple title to the land, and the pieces of machinery were trade fixtures. The doctrine of fixtures to the freehold has no application. In re Craig Lumber Co. (C. C. A.) 269 F. 755; Forbes v. Ala. Machinery & Supply Co., 176 Ala. 423, 58 So. 398.

Affirmed.