BUHLER BROTHERS, Inc., a corporation, Plaintiff,

v.

ALABAMA GRAIN ELEVATOR COMPANY, Inc., a corporation, A. W. Todd, as Interim Receiver of Alabama Grain Elevator Company, Inc., and Reconstruction Finance Corporation, a corporation, Defendants.

Civ. A. No. 1470.

United States District Court
S. D. Alabama, S. D.

Dec. 19, 1955.

J. Edward Thornton, Vickers & Thornton, Mobile, Ala., for plaintiff.

James E. Moore and William J. Russell, Jr., Mobile, Ala., for Alabama Grain Elevator Co., Inc., and for A. W. Todd, as Interim Receiver.

T. E. Twitty (of Inge, Twitty, Armbrecht & Jackson), Mobile, Ala., for Reconstruction Finance Corp.

Thomas A. Hamilton (of Hamilton, Denniston, Butler & Riddick), Mobile, Ala., and Jack C. Gallalee (of Caffey, Gallalee & Caffey), Mobile, Ala., for Allan R. Cameron, Trustee in Bankruptcy of Alabama Grain Elevator.

THOMAS, District Judge.

The primary question for decision in this case is whether the Alabama mechanics' lien statute, article 3, § 25 et seq., Title 33 of the Code of Alabama of 1940, applies to pneumatic grain unloading equipment supplied by Buhler Bros., Inc., a New York corporation, to Alabama Grain Elevator Company, an Alabama corporation, at its plant on the Alabama State Docks in Mobile, Alabama.

This is an attachment suit commenced by plaintiff's filing an affidavit and bond under the provisions of section 26, Title 33 of the Code of Alabama. Issues were presented by pleadings filed by plaintiff, the trustee in bankruptcy for Alabama Grain Elevator Company (which was adjudicated a bankrupt subsequent to the institution of this proceeding), A. W. Todd, receiver for the elevator company (appointed by the circuit court of Mobile County as temporary receiver before this proceeding was instituted, and as permanent receiver subsequent to the commencement of this suit), and Reconstruction Finance Corporation.

The proof established that the plaintiff offered to construct, sell and deliver to the elevator company this equipment on June 8, 1954. This offer was accepted by the elevator company on July 21, 1954. Application was made by the elevator company to Reconstruction Finance Corporation, to borrow a substan-

tial portion of the purchase price, which would be secured by a mortgage to be given Reconstruction Finance Corporation. Reconstruction Finance Corporation had previously made substantial loans to the elevator company which were secured by mortgages on all of the equipment belonging to the elevator company, and the mortgages contained so-called after acquired property clauses. By instrument dated July 20, 1954, one day before the offer was accepted, the elevator company gave Reconstruction Finance Corporation what was called an "After Acquired Property Mortgage" on the same property as that which is being sued for in this case. Reconstruction Finance Corporation issued its check payable jointly to the elevator company and plaintiff for this loan, but the check was never delivered to plaintiff, and after the elevator company got into financial difficulty, the check was returned to Reconstruction Finance Corporation.

The testimony shows that plaintiff designed this machine for this job. Some of the parts were bought by plaintiff and some were fabricated by plaintiff at its plant in New Jersey. The parts were shipped to Mobile and they arrived in December, 1954, and in accordance with the agreement, plaintiff furnished an engineer who supervised the installation of the machinery by the elevator company. The machinery was bolted onto the concrete dock. Its removal will not injure the freehold. It was constructed to facilitate the unloading of grain from vessels.

The principal contentions are (1) that plaintiff is not a "mechanic" within the meaning of this term in section 25 of Title 33 of the Code of Alabama; (2) that the lien is limited to "labor and material" contributed by plaintiff in Alabama, and that it does not apply to materials which are merely purchased by plaintiff from without the State even though the completed assembly was designed by plaintiff, assembled in Alabama, and the installation in Alabama was supervised by plaintiff; and (3) that the mechanic's claim for lien must

584

be broken down to show the labor and materials "contributed" by plaintiff and the lien is limited to this contribution only.

Since the Alabama Supreme Court has held that a corporation may be a mechanic within the purview of this statute, Henderson v. Alabama Auto Co., 209 Ala. 482, 96 So. 627, it is apparent that the crucial question is not by what label the lien claimant is known, but what does it do. If a lien claimant "contributes * * * labor and material, or either, to the production, manufacture or repair of any * * * machine", this constitutes it a mechanic within the purview of the statute. Since the evidence shows that plaintiff did contribute labor and material to the production of this machine, it is entitled to the lien created by the statute.

Though the statute could limit the lien to Alabama mechanics on Alabama machines, there is nothing in the statute to indicate such limitation. Furthermore, the words "any blacksmith", etc., must have some meaning, and this meaning would negative the limitation urged by the defendants.

The argument that the lien excludes materials purchased by the lien claimant, and is limited to materials constructed or fabricated solely by the lien claimant, is answered by the case of Rogers v. C. E. Green Motor Co., 22 Ala.App. 168, 113 So. 641, 642, where the lien was sustained for "new wheels and Lambert tires and the labor of a mechanic in the installation of the old hubs in the new wheels". See also Forbes v. Alabama Machinery & Supply Co., 176 Ala. 423, 58 So. 398.

It was also argued that this machinery ceased being personal property and became part of the realty. Since the Court finds that this machinery is a "trade fixture", it does not lose its characteristics as personal property. Forbes v. Alabama Machinery & Supply Co., supra. See also In re Benson-Beckmann Paint Co., 5 Cir., 36 F.2d 580.

If it be assumed that Reconstruction Finance Corporation has a mortgage on this machinery, the lien in this statute binds "any purchaser with notice of such lien". This would apply to Reconstruction Finance Corporation for it certainly had notice of the fact that the elevator company was purchasing the machinery, having actually issued its check in partial payment therefor. See Reconstruction Finance Corporation v. Kern-Limerick, Inc., 8 Cir., 192 F.2d 978.

Some point was raised in the case that plaintiff was a foreign corporation doing business in Alabama without qualifying to do such business. This is answered in this case by the holding in Cobb v. York Ice Machinery Corp., 230 Ala. 95, 159 So. 811.

Judgment for plaintiff.